Lena ANTEE et vir, Appellants,

v.

Glenn Gordon SIMS et al., Appellees.

No. 801.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

April 25, 1973.

Rehearing Denied May 16, 1973.

Kenneth D. Harrison, Harrison & Taylor, Houston, for appellants.

Bob W. Robertson, Dan Ryan, Houston, W. B. Irwin, Jr., Galena Park, Russell Ramsey, Ramsey & Murray, Hugh M. Miller, Miller & Gann, Houston, for appellees.

COULSON, Justice.

This case involves a collision in Houston, Texas, between the plaintiffs' car and the defendants' pickup truck.

Ms. Lena Antee, plaintiff below and appellant here, was proceeding north on Austin, a street with one-way traffic, when she slowed to make a right-hand turn on to Bremond, a street with two-way traffic. There was no traffic signal at the intersection for Austin Street vehicles. At about the same time Glenn Gordon Sims was proceeding west on Bremond and approaching its intersection with Austin where Bremond ends. There was a stop sign at the intersection for west-bound Bremond traffic. In negotiating the turn plaintiff apparently swung wide into the defendant's lane of travel, but was able to bring her vehicle back within her side of Bremond. Defendant, not being able to perceive whether plaintiffs' vehicle would regain position in its proper lane, made a hard application of his pickup's brakes. The hard application of his brakes caused his vehicle to veer over into the plaintiff's side of the road where the defendants' pickup truck collided with the front end of plaintiffs' automobile.

At the time of the accident defendant Sims was in the process of delivering the truck he was driving to a customer of his employer, Big H. Auto Auction. It was his only occasion for driving the pickup truck. Both parties were driving alone when the collision occurred.

Ms. Antee and her husband filed suit to recover damages for her alleged physical injuries against Gordon Sims, Big H. Auto Auction and another party, Buzbee Used Cars, which was later non-suited. Plain-

tiffs' insurance company, Republic Insurance Company, intervened to sue for the sum of $376.02 which it paid out to plaintiffs for damages to their car resulting from the accident.

After a trial to a jury the trial court entered a take-nothing judgment in favor of Big H. Auto Auction and Gordon Sims. It further ordered that the intervenor take nothing in its action against defendants.

From the judgment plaintiffs perfect this appeal.

In response to special issues the jury found that George Sims failed to keep his vehicle completely within the right half of the roadway, did not find that such failure was negligence and found that Sims' failure to keep his vehicle within his side of the roadway was a proximate cause of the accident. The jury failed to find defendant Sims negligent in other respects—lookout, excessive speed, and proper application of brakes. It also failed to find plaintiffs contributorily negligent on lookout. The jury found personal damages totaling $3,-500 for bodily injuries and past and future medical expenses.

Plaintiffs complain that the trial court erred in: (1) overruling plaintiffs' motion for entry of judgment because the jury's findings of statutory negligence which was the proximate cause required that judgment be entered in favor of the plaintiffs, (2) overruling plaintiffs' motion for entry of judgment because there was no issue submitted and no finding of excuse or justification for defendants' statutory negligence which the jury found in response to special issue no. 2, (3) overruling plaintiffs' motion for entry of judgment in that the jury's findings of no common law negligence in response to special issue no. 3 did not discharge the defendants' burden of proving excuse or justification for the statutory violation found by the jury in response to special issue no. 2, (4) failing to disregard the jury's findings of no common law negligence in response to special issue no. 3 because such finding in no way

discharged defendants' burden of proving excuse or justification, and (5) overruling plaintiffs' motion for entry of judgment because there was insufficient evidence to support any finding of excuse or justification for defendants' statutory violation found by the jury in response to special issue no. 2.

■ The law regarding statutory violations and excuse in traffic collision cases (nonrailroad) has been enunciated in the cases of Phoenix Refining Co. v. Powell, 251 S.W.2d 892 (Tex.Civ.App.—San Antonio 1952, writ ref'd n. r. e.), Hammer v. Dallas Transit Company, 400 S.W.2d 885 (Tex.Sup.1966), and Southern Pacific Company v. Castro, Tex., 493 S.W.2d 491 (1973). Those authorities make it clear that in cases involving traffic accidents when either party seeks to rely upon a statutory violation of the other as primary or contributory negligence *per se,* as the case may be, he has the burden to prove the statutory violation and get a finding thereof. If the party charged with the violation can offer no evidence of excuse or justification and no evidence of excuse is adduced at trial, then an affirmative finding of such violation and proximate cause entitles the opposing party to a recovery (absent contributory negligence findings) or provides the opposing party a defense to the cause of action asserted against him. In either of those instances, there being no evidence of excuse for the statutory violation, no issue of common law negligence with respect to the violation should be submitted.

■ To avoid *per se* negligence for violation of a statutory standard of conduct the violating party must come forward with *some* evidence of a permissible excuse, classes of which are set out in Impson v. Structural Metals, Inc., 487 S.W.2d 694 (Tex.Sup.1972). If a party introduces evidence of excuse the trial court is faced with two questions: (1) whether the nature of the excuse falls within a class prescribed in Impson, supra and (2) whether

the evidence of excuse is sufficient to raise the issue. The standard for sufficiency of evidence is not clarified by Phoenix, supra or Castro, supra, other than to say that it must fairly raise the issue of excuse, or it must amount to "some evidence" tending to establish an excuse. We take those phrases to mean that the evidence must amount to more than a mere speculation or suspicion of excuse.

If "some evidence" of a legal excuse is introduced then an issue embodying the reasonably prudent man standard should be submitted with both the burden of offering the issue and proving the issue being imposed upon the party who is relying upon the statutory violation. Such party must negate excuse by obtaining a finding of common law negligence. If there is insufficient evidence of excuse, then no common law issue of negligence regarding the act which constitutes a statutory violation should be submitted. In that case an affirmative finding of the statutory violation will establish negligence per se.

On review of the case at bar, this Court must assume that the trial court found there was sufficient evidence of excuse to submit the common law negligence issue with respect to the violating act. The only questions properly raised by this appeal are (1) whether there was sufficient evidence of excuse to warrant the submission of the negligence issue and (2) whether the excuse tendered was of a nature contemplated by the Supreme Court in Impson.

The testimony of Mr. Sims indicates that the plaintiff made a wide turn at the intersection placing her in his lane of traffic, which action caused him to "hit" his brakes in order to avoid a possible collision. According to defendant's testimony, when he applied the brakes they pulled the pickup across the center of Bremond into Ms. Antee's lane of traffic. At the time of the collision Ms. Antee had regained her lane of traffic, but only after Sims' braking. The collision resulted from defendant's truck veering over the center of the road. The record shows that this was Mr. Sims' first occasion to drive the vehicle and that he had no reason to believe the brakes defective before this accident. He had braked at other intersections en route to his delivery in the truck without incident or notice of brake defect. He explained that the defect or propensity of the brakes to pull to the left lane hadn't appeared earlier because he "hadn't hit the brakes that hard before." The only testimony of plaintiff that controverts defendant's depiction above is to the effect that she made a proper turn and did not swing wide into defendant's path. Other than defendant's own account of the brakes pulling to the left, no evidence was introduced to prove or disprove the braking systems' failure or defect.

The circumstance of defendant's suddenly veering across the center of the road, combined with his direct testimony that the brakes pulled to the left when he made the hard application of them is evidence amounting to more than mere speculation or suspicion of the brakes unexpectedly pulling the pickup truck to the left and causing the accident.

Whether a vehicle's braking system unexpectedly pulling to one side is of a legally sufficient nature to constitute "excuse" is another question. Section 228 of the Restatement (Second) of Torts (1965) lists five categories of situations in which *excuse* for a violation will be recognized. The Texas Supreme Court in Impson, supra, approved the list for purposes of determining legally acceptable excuses, though it is not meant to be exclusive. The categories are:

"(a) the violation is reasonable because of the actor's incapacity;

"(b) he neither knows nor should know of the occasion for compliance;

"(c) he is unable after reasonable diligence or care to comply;

"(d) he is confronted by an emergency not due to his own misconduct;

"(e) compliance would involve a greater risk of harm to the actor or to others."

Under category "(d)" the Court in dictum, gives an example of "cases in which there is an unexpected failure in the steering or braking system." Defendant's situation presents us with such a case. By defendant's testimony he had no reason to believe the brakes were working improperly in any way prior to the accident. There is no evidence in the record indicating misconduct on the part of the defendant, either misfeasance or omission, giving rise to the alleged brake failure and accident.

Further, the testimony of the defendant driver that he did all he could to avoid the collision taken along with the other evidence adduced at trial could bring the defendant's action within category "(c)."

■ The excuse must be a legally substantial one rather than any mere flimsy excuse. Impson, supra. Where that line is to be drawn in a given case is a question of law with no absolute boundaries for an answer. We feel the excuse tendered in this case properly raised the issue of excuse thus warranting the negligence issue submission. Appellants' points of error are overruled.

■ Appellants would have this Court reverse and remand the case for new trial in the interest of justice. They urge that the suit was tried upon the theory that the person relying upon excuse had the burden of proof on such issue and had to get an appropriate jury finding on the issue. This method of trying a negligence per se case was established in Christy v. Blades, 448 S.W.2d 107 (Tex.Sup.1969), for situations involving Tex.Rev.Civ.Stat.Ann. art. 6701d, sec. 86(d)—without regard to "(w)hatever the rule may be in other situations and under different statutes." Though the language of the Court's opinion in Christy in no way indicates that it was to have broader application than cases involving the excuse of impossibility under a violation of art. 6701d sec. 86(d), there was some confusion in the bench and bar as to what situations Christy, on the one hand, and Hammer and Phoenix, on the other, should apply. The Castro opinion, which was announced after the trial of the case before this Court, made it clear that Hammer and Phoenix were always meant to apply to the case at hand, that is Ms. Antee had the burden of negating excuse once "some" evidence of excuse came into evidence. Appellants' attorney argues that he and his clients have been the victims of this confusion wrought by the Christy opinion, and therefore, they should be entitled to a reversal and remand of the case in the interest of justice. Regardless of the merit, if any, of appellants' complaint, we are powerless to reverse an errorless judgment. United States Fire Insurance Company v. Carter, 473 S.W.2d 2 (Tex.Sup. 1971). We find the trial of the case at bar to be free of error.

Judgment of the trial court is in all things affirmed with costs charged against appellants.