Lillian M. HURLBURT, Appellant,

v.

The PLANTERS NATIONAL BANK & TRUST CO., as guardian of the person and estate of George Warren Wallace, Appellee.

No. 5592.

Court of Civil Appeals of Texas, Waco.

July 15, 1976.

Rehearing Denied Aug. 5, 1976.

Sherwin Winniford, Haley, Fulbright, Winniford, Bice & Davis, Waco, for appellant.

W. V. Dunnam, Jr., Dunnam, Dunnam & Dunnam, Waco, for appellees.

HALL, Justice.

This suit was brought under the Texas wrongful death statutes, Article 4671 et seq., Vernon's Tex.Civ.St., on behalf of George Warren Wallace, a minor, to recover damages suffered by him as the result of the death of his father and mother in a collision in July, 1965, between vehicles being driven in opposite directions on a two-lane highway by the minor's father and the defendant, Lillian M. Hurlburt. The minor and his mother were passengers in the vehicle driven by his father.

Trial was to a jury which found the defendant committed several acts of negligence which proximately caused the collision, found the minor's father "failed to keep his vehicle completely within the right half of the roadway" and that this failure was a proximate cause of the collision, and awarded the minor damages totaling $225,000. The defendant contends the findings against the father preclude a recovery by the minor, and that in any event the award of damages is excessive by at least $100,000. We affirm the judgment.

Article 4672, Vernon's Tex.Civ.St., provides in effect that an action may not be successfully maintained by the beneficiaries under our wrongful death statutes where the decedent could not have recovered damages if he had survived his injuries. *Schwing v. Bluebonnet Express, Inc.,* (Tex. Sup., 1973) 489 S.W.2d 279, 280. Citing this article, the defendant says the jury's findings against the father defeat a recovery by the minor for the death of his father. We disagree.

The evidence shows that at the time of the accident the front of the vehicle driven by the minor's father was partially across the center of the roadway, as found by the jury. However, there is also proof that the reason for this crossover was an attempt by the father to avoid collision with the defendant's car which was moving toward and into the father's lane.

The failure of the father to keep his vehicle completely within the right half of the two-lane highway was a violation of Article 6701d, §§ 52 and 53, Vernon's Tex. Civ.St., which is penal in nature. The unexcused violation of a penal standard constitutes negligence per se. But where as here the evidence raises a question of fact as to a legally acceptable excuse for the violation, the burden is on the opposite party to obtain a finding that the offender was

guilty of negligence measured by the common law standard before he can be charged with negligence in connection with the violation. *Southern Pacific Company v. Castro* (Tex.Sup., 1973) 493 S.W.2d 491, 497; *Sparkman v. Maxwell* (Tex.Sup., 1975) 519 S.W.2d 852, 857. The defendant did not obtain a finding of common law negligence against the father in this case.

The first point of error is overruled.

The jury awarded the following damages to the minor: $75,000 for nurture, care, and education he would have received during his minority from his mother; $50,000 for pecuniary contributions and services he would have received from his mother; $50,-000 for nurture, care, and education he would have received during his minority from his father; and $50,000 for pecuniary contributions and services he would have received from his father.

The minor was 14 months old at the time of the collision. His mother and father were killed instantly. He was their only child. The mother was 24 years of age with a life expectancy of 49 years. The father was 25 years of age with a life expectancy of 45 years. All were in good health. The mother and father were religious, temperate, and thrifty. She was a housewife. He was a first lieutenant in the United States Air Force. His pay and allowances totaled $800 per month. He was intelligent and "quick-minded." He was in a training program which would have entitled him to flight pay and would have increased his earnings. They were doting parents, generous with their time and expenditures for their son. "He was their world," a witness said.

This evidence supports the damages allowed.

Specifically, multiplying $800 × 12 months × 20 years to reach an alleged total earning by the father of $192,000 during the child's minority, the defendant argues it is unreasonable to assume the parents would have contributed more than one-third of this income ($64,000) to the child and that the award of $100,000 for contributions is accordingly excessive.

 It is not unreasonable to assume the father would have advanced in rank and pay during his career with the Air Force. Also, the two $50,000 awards complained about include compensation for lost services the minor would have received from his mother and father as well as lost pecuniary contributions. These awards are not excessive.

The second point of error is overruled.

The judgment is affirmed.