**Daniel WOLF et al., Appellants,**

v.

**Carol MOUGHON, Appellee.**

**No. 17047.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Feb. 23, 1978.

Rehearing Denied March 23, 1978.

Russell T. Van Keuren, Houston, for appellants.

Sewell, Junell & Riggs, Gordon A. Holloway, Houston, for appellee.

EVANS, Justice.

This is an appeal from a take nothing judgment entered in a personal injury suit.

Daniel Wolf, individually and as next friend of Shannon Renee Wolf, and Mary G. Wolf initiated this suit against Carol Moughon for damages and personal injuries sustained by Mary Wolf and her daughter Shannon in an automobile collision. The

plaintiffs alleged that the defendant was guilty of various acts of common law negligence and was also negligent per se in failing to keep her vehicle on the right side of the road. Article 6701d, § 52, Tex.Rev. Civ.Stat.Ann. The defendant filed a general denial and also alleged affirmative defenses of unavoidable accident and sudden emergency. The jury failed to find (1) that the defendant's failure to keep her vehicle entirely within the right half of the roadway was negligent and; (2) that she had failed to make such application of the brakes as a person using ordinary care would have made. On the basis of the jury's verdict, the trial court rendered judgment in favor of the defendant.

In their first two points of error, the plaintiffs contend that the trial court erred in overruling their motion for judgment n. o. v. and their amended motion for a new trial. In their third point, they contend that the undisputed evidence establishes the defendant's negligence as a matter of law.

It is the defendant's contention that the first two points of error are so general and multifarious that they should not be considered. The statement under these points is sufficient to direct the court's attention to the matters complained of by the plaintiffs since it refers to specific paragraphs in the plaintiff's motion for judgment n. o. v. and amended motion for new trial. When a point is so general that it does not comply with Rule 418, Tex.R. Civ.P., the point may be considered if the statement, argument and authorities under the point satisfactorily direct the court's attention to that which is claimed to constitute reversible error. *Fambrough v. Wagley*, 140 Tex. 577, 169 S.W.2d 478 (1943).

On this appeal plaintiffs are faced with a situation where the jury has returned negative answers to issues upon which they had the burden of proof. Thus, in order to prevail in their appeal, the plaintiffs must demonstrate that the evidence established the defendant's negligence as a matter of law. *Smith v. Safeway Stores, Inc.*, 433 S.W.2d 217 (Tex.Civ.App.—Tyler 1968, writ ref'd n. r. e.)

Where the legislature has declared that a particular act shall not be done, it fixes a standard of reasonable care, and an unexcused violation of the statute constitutes negligence as a matter of law. *Parrott v. Garcia*, 436 S.W.2d 897 (Tex.1969); *Missouri Pacific R. R. Company v. American Statesman*, 552 S.W.2d 99, 103 (Tex. 1977). The plaintiffs, therefore, have met this burden if the evidence establishes as a matter of law: (1) a violation of a penal standard, (2) which was unexcused. *Southern Pacific Co. v. Castro*, 493 S.W.2d 491, 497 (Tex.1973).

The accident occurred on Friday, November 29, 1974, at approximately 7:00 a. m. The defendant was driving east on Windswept Street in Houston, Harris County, Texas. The streets were wet, but it was not raining at the time. The plaintiff Mary Wolf, with her daughter Shannon as a passenger, was driving on Windswept Street in a westerly direction. As the defendant's automobile came around a curve, it went up over the right curb and out of control. The vehicle then came back over the curb, and after returning to the street it proceeded into the left lane of traffic where it collided with plaintiff's vehicle. The defendant testified that she was driving 25–30 m. p. h. before she went up on the curb for the first time. When the plaintiff saw the defendant's car go out of control, she pulled her car close to the curb on the right side and was bringing the vehicle to a stop when the accident occurred.

The defendant did not deny that her vehicle was traveling on the left side of the road when it struck the plaintiff's automobile. Thus, unless excused, the presence of the defendant's vehicle on the wrong side of the road violated the duty imposed by the statute. *Southern Pacific Co. v. Castro*, supra.

In order to show an excuse for her actions, the defendant testified that she had some repair work done on her car brakes two days prior to the accident. She picked up her car from the repair shop at closing time on Wednesday, and she noticed that the vehicle would pull to the right each

time she applied the brakes. The next day, Thursday, was Thanksgiving, and she could not return the automobile to the repair shop on that day. She used it only to go to her parents for Thanksgiving dinner. The next morning, Friday, she was returning the automobile to the repair shop to have the problem corrected when the accident occurred. The defendant's father testified that he had driven the car and had noticed it pulling to the right when he applied the brakes. When asked whether it pulled to the right generally or only when the brakes were applied, he answered, "pulled when I applied the brakes."

The defendant could not definitely say whether or not she had applied her brakes as she came around the curve on Windswept Street. She could give no reason why her car went up on the curb and out of control.

A. Yes, sir. It jumped the curb. It sure did.

Q. And you are not—according to your deposition, and you can't tell us any reason at all why the car jumped the curb?

A. No, I can't. It's very strange, but I just find myself up on the curb before I knew, and I was in an emergency situation.

Q. Now, when you got up on the curb, had you applied your brakes before that time and swerved and lost control?

A. No, not that I know of. No.

Q. You came around the curve and jumped up?

A. That's all I can remember, is I was making the curve and all of a sudden I found myself up on the curb.

Q. But was it because you came around the curve and slipped with your car that you went up there?

A. I don't know. I really can't say.

It is the plaintiff's contention that there was no evidence that a brake failure caused the defendant to lose control of her vehicle nor even that she had made application of her brakes prior to losing control. It is the defendant's argument that the jury could reasonably infer from the evidence that the faulty condition of brakes caused the accident.

Since the undisputed facts show that the defendant's vehicle was on the wrong side of the road at the time of the collision, the defendant was required to offer some evidence of a permissible excuse in order to justify her failure to comply with the statute. *L. M. B. Corp. v. Gurecky*, 501 S.W.2d 300, 303 (Tex.1973). The excuse must be one which falls within a permissible class such as impossibility, emergency, or incapacity. *Impson v. Structural Metals, Inc.*, 487 S.W.2d 694 (Tex.1972). If there is some evidence in the record of a permissible excuse, the trial court's judgment must be affirmed since the plaintiffs failed to carry their burden of persuading the jury that the defendant was negligent under the common law standard. *L. M. B. Corp. v. Gurecky*, supra.

The questions presented for this court's determination are, (1) whether the claimed excuse is acceptable under the holding of *Impson v. Structural Metals, Inc.*, supra, and (2) if so, whether there is some evidence in the record sufficient to raise the issue. *Antee v. Sims*, 494 S.W.2d 215 (Tex. Civ.App.—Houston 14th Dist. 1973, writ ref'd n. r. e.). If the evidence raises more than a mere speculation or suspicion of excuse, it will be considered sufficient. *Id.* at 218.

One type of permissible excuse is where the defendant is confronted by an emergency not due to his own misconduct, such as an unexpected failure in the vehicle's steering or braking system. *Impson v. Structural Metals, Inc.*, supra.

In *Antee* supra, it was held that sufficient evidence of excuse was shown where the defendant applied his brakes and his truck veered into the left lane of traffic. Other than the defendant's own account of his brakes pulling to the left, no evidence was introduced to prove or disprove a failure in the braking system. However, the defendant also testified that his brakes had not previously pulled to the left. The court noted that there was no evidence in the

record indicating any misconduct on the part of the defendant which gave rise to the alleged brake failure.

 There are two reasons why the evidence in the case at bar does not raise the issue of a permissible excuse. First, the defendant failed to offer any evidence indicating that the faulty braking system caused her to lose control of the vehicle immediately prior to the accident. There is no affirmative evidence that she applied her brakes before her car first went up over the curb and if there is an inference to be gained from her testimony, it is that she probably did not do so. The evidence, at best, creates only a suspicion that her loss of control might have been due to a faulty braking system. The fact alone that the defendant's brakes were defective does not give rise to the inference that the defective braking system caused the vehicle to jump the curb and go out of control. Under the record before the court, it was just as likely that some other factor such as the defendant's own inadvertence was the cause of her loss of control. The second reason that the evidence falls short of creating an issue of permissible excuse is that there is no showing that the defendant was confronted with an emergency not due to her own misconduct. It is undisputed that for some time prior to the morning of the accident the defendant had been fully aware of the defective condition of her brakes and that she knew of the tendency of the car to pull to the right when the brakes were applied. The fact that a defect is shown does not under all circumstances establish a permissible excuse. *L. M. B. Corporation v. Gurecky*, supra, page 302.

 Since the defendant failed to offer evidence showing that the violation of the statute in question was due to a permissible excuse, the trial court erred in refusing to enter the judgment for the plaintiffs in the amount of damages as found by the jury. Although the jury failed to answer the proximate cause issues, which were conditioned upon affirmative answers being given to the common law issues, such issues must be deemed established as a matter of law. *Missouri Pacific R. R. Co. v. American Statesman*, 552 S.W.2d 99, 104 (Tex.1977).

The judgment of the trial court is reversed and judgment is here rendered that the plaintiff, Daniel Wolf, as next friend of Shannon Renee Wolf, recover judgment against the defendant, Carol Moughon in the amount of $2500.00; that the plaintiff Mary Wolf recover judgment against said defendant in the amount of $500.00, and that Daniel Wolf, individually, recover judgment against said defendant in the amount of $897.00 for medical expenses and in the amount of $50.00 for property damage.