Carol MOUGHON, Petitioner,

v.

Daniel WOLF et al., Respondents.

No. B–7569.

Supreme Court of Texas.

Nov. 15, 1978.

Rehearing Denied Dec. 29, 1978.

Sewell, Junell & Riggs, Gordon A. Holloway and Claude R. Treece, Houston, for petitioner.

Russell T. Van Keuren, Houston, for respondents.

McGEE, Justice.

This is a personal injury suit resulting from an automobile accident. The principal issues involved on this appeal are: (1) whether the evidence establishes as a matter of law a violation of a statutory duty constituting negligence per se; (2) whether there is any evidence of a legally acceptable excuse for the violation of such a statute.

During the early morning hours of November 29, 1974, Carol Moughon's automobile, which was traveling in a westerly direction on a Houston city street, veered across the roadway center stripe into oncoming traffic and collided with the Wolfs' automobile. The Wolfs' car was heavily damaged and both Mary Wolf and Shannon Wolf suffered personal injuries. This suit was instituted against Carol Moughon, alleging common law negligence and negligence per se under section 52 of article 6701d.[1] A take-nothing judgment was ren-

---

1. Tex.Rev.Civ.Stat.Ann. art. 6701d, § 52 provides in pertinent part: "Upon all roadways of sufficient width a vehicle shall be driven upon the right half of the roadway . . . ."

dered against plaintiff Wolf after the jury found that the defendant (1) had not been negligent in failing to keep her car on the right side of the road and (2) had not failed to make such an application of the brakes as a person using ordinary care would have made. The court of civil appeals reversed and rendered the judgment, essentially holding that Wolf had conclusively established negligence per se. 562 S.W.2d 936. We affirm the judgment of the court of civil appeals.

Ms. Moughon generally contends that the court of civil appeals erred in holding her liable on a theory of negligence per se. She specifically argues that the present case was submitted to the jury on a common law negligence issue, and therefore, any theory of recovery predicated upon negligence per se was waived by Wolf's failure to request an appropriate issue. Special issue number one inquired:

> Do you find from a preponderance of the evidence that the failure of Carol Moughon to keep her vehicle entirely within the right half of the roadway was negligence?

We agree that this was a common law negligence submission because the issue inquired whether the violative conduct was negligence.[2] Whether plaintiff Wolf waived his negligence per se count, however, can only be determined after an analysis of the facts and applicable law in light of Rule 279 of the Texas Rules of Civil Procedure. That rule provides in pertinent part: "Upon appeal all independent grounds of recovery or of defense not conclusively established under the evidence and

---

**2.** Generally, a negligence per se submission only inquires whether statutory duty was violated and whether such conduct was the proximate cause of the accident. *See Impson v. Structural Metals, Inc.,* 487 S.W.2d 694, 697 (Tex.1972); *Antee v. Sims,* 494 S.W.2d 215, 217 (Tex.Civ.App.—Houston [14th Dist.] 1973, writ ref'd n. r. e.); State Bar of Texas, Texas Pattern Jury Charges § 5.11, at 104 (1969).

**3.** For example, the Committee on Pattern Jury Charges of the State Bar of Texas suggests that the following submission is appropriate:

> ISSUE NO. 1
> Do you find from a preponderance of the evidence that on the occasion in question

upon which no issue is given or requested shall be deemed as waived; . . . ." Tex. R.Civ.Proc. 279.

Negligence per se is a tort concept whereby the civil courts adopt a legislatively imposed standard of conduct as defining the conduct of a reasonably prudent person. The unexcused violation of a statute constitutes negligence as a matter of law if such statute was designed to prevent injury to the class of persons to which the injured party belongs. *Missouri P. R. R. Co. v. American Statesman,* 552 S.W.2d 99, 103 (Tex.1977); *Mundy v. Pirie-Slaughter Motor Co.,* 146 Tex. 314, 206 S.W.2d 587 (1947); Comment, *Negligence Per Se and Excuse for a Statutory Violation in Texas,* 5 St. Mary's L.J. 552 (1973). Section 52 of article 6701d has been recognized as just such a safety statute since it seeks to prevent property damage and personal injury by prohibiting driving on the left-hand side of the road. *See, e. g., Phoenix Refining Co. v. Powell,* 251 S.W.2d 892, 896 (Tex.Civ.App.—San Antonio 1952, writ ref'd n. r. e.).

Generally, the litigant alleging negligence per se as a ground of recovery must assume the burden of proving a statutory violation. *Missouri P. R. R. Co. v. American Statesman,* 552 S.W.2d 99, 102 (Tex. 1977); *L. M. B. Corporation v. Gurecky,* 501 S.W.2d 300 (Tex.1973). The typical submission of such a case includes an issue inquiring whether the party charged is actually guilty of legislatively proscribed conduct along with an issue inquiring whether the violative conduct was the proximate cause of the accident.[3] The violator may excuse

---

[name of litigant charged with statutory violation] failed to keep [his or her] vehicle completely within the right half of the roadway?
ANSWER "We do" or "We do not."
Answer: _____

> If you have answered Issue No. 1 "We do" then answer Issue No. 2; otherwise do not answer Issue No. 2.

ISSUE NO. 2
Do you find from a preponderance of the evidence that such failure was a proximate cause of the occurrence in question?
ANSWER "We do" or "We do not."
Answer: _____

his conduct, but he must produce some evidence of a legally acceptable excuse. If some evidence of a legally acceptable excuse such as emergency, incapacity or impossibility is present in the case, the litigant charging statutory violation must assume a further burden. That burden entails requesting an issue which inquires whether the litigant charged is guilty of negligence as measured by the common law or reasonable person standard.[4] The evidence adduced must be more than a mere scintilla and the excuse must be legally acceptable; otherwise, this additional burden does not arise and the common law negligence theory should not be submitted. *Sparkman v. State,* 519 S.W.2d 852, 857 (Tex.1975); *L. M. B. Corp. v. Gurecky,* 501 S.W.2d 300, 303 (Tex.1973); *Antee v. Sims,* 494 S.W.2d 215, 217 (Tex.Civ.App.—Houston [14th Dist.] 1973, writ ref'd n. r. e.).

Accordingly, we must determine whether the statutory violation was conclusively established in the present case and, concomitantly, whether there was any evidence of a legally acceptable excuse to the statutory violation. If it is found that Wolf has established a statutory violation unrebutted by some evidence of a legally acceptable excuse, two conclusions are inescapable. First, the negligence per se ground, being conclusively established, cannot be waived by failure to request or obtain an appropriate issue. Tex.R.Civ.Proc. 279. Second, the common law negligence issue was inappropriate and the jury finding in regard thereto must be disregarded. *Impson v. Structural Metals, Inc.,* 487 S.W.2d 694, 697 (Tex. 1972); *Antee v. Sims,* 494 S.W.2d at 217.

The events leading up to the accident are fairly clear. On Wednesday, November 27, 1974, Ms. Moughon placed her car in a repair shop to have the brakes relined. Later that day when she and her father retrieved the vehicle, the mechanic on duty informed her that two of the automobile's brake drums contained "hard spots" and should be replaced. He also told her that the shop would be closed on Thursday, Thanksgiving Day, but that she could return the car on Friday. Ms. Moughon testified that each time the brakes were applied while driving her car late Wednesday and Thursday the car pulled "extremely to the right." Her father further testified that the car only pulled to the right when the brakes were applied; otherwise, it maintained a steady course.

Early Friday morning, November 29, 1974, Ms. Moughon attempted to return the car to the repair shop. While negotiating a curve on a wide two-way street along the way, her car jumped the right-hand curb. Ms. Moughon tried to regain control, but in so doing the car jumped the curb a second time and then veered across the center of the street into oncoming traffic. Mrs. Wolf testified that when she saw the Moughon vehicle veer into her lane of traffic, she pulled her car to the right curb and was

State Bar of Texas, Texas Pattern Jury Charges § 5.11, at 104 (1969); *accord, Impson v. Structural Metals, Inc.,* 487 S.W.2d 694, 697 (Tex. 1972); *Antee v. Sims,* 494 S.W.2d 215, 217 (Tex.Civ.App.—Houston [14th Dist.] 1973, writ ref'd n. r. e.); *see* Calvert, *Special Issues Under Article 6701d, Section 86(d) of the Texas Civil Statutes,* 34 Tex.L.Rev. 971, 977 (1956).

4. For purposes of illustration, we direct attention to the State Bar Committee's work on Pattern Jury charges. The Committee has suggested that the following additional issue be submitted, conditioned on an affirmative finding to Issue No. 1, if the trial court is satisfied that some evidence of legally acceptable excuse is present in the case:

ISSUE NO. 3
Do you find from a preponderance of the evidence that such failure was negligence?
ANSWER "We do" or "We do not."
Answer: ——————.
State Bar of Texas, Texas Pattern Jury Charges § 5.11 (1969 & Supp.1973).
In conjunction with this common law negligence submission and upon proper request, certain explanatory instructions may be submitted that inform the jury of such matters as the statutory standard of conduct and any legally acceptable excuses that are supported by some evidence. *Southern Pacific v. Castro,* 493 S.W.2d at 498. See State Bar of Texas, Texas Pattern Jury Charges § 5.11 (1969 & Supp. 1973) for an example of such an instruction.

attempting to stop when the collision occurred.

Ms. Moughon does not deny that her car traveled into the left traffic lane in apparent violation of section 52; however, she does contend that such violation was excused because her automobile was out of control due to defective brakes. This argument is without merit. The record in the present case is devoid of any evidence that the defective brakes caused the loss of control and the subsequent accident. Indeed, Ms. Moughon testified:

Q And you are not—according to your deposition, you can't tell us any reason at all why the car jumped the curb?

A No, I can't. It's very strange, but I just find myself up on the curb before I knew, and I was in an emergency situation.

Q Now, when you got up on the curb, had you applied your brakes before that time and swerved and lost control?

A No, not that I know of. No.

\* \* \* \* \* \*

Q You can't help the jury in any way, to tell them in any way at all why the car went upon the curb?

A No, not really. I could say something, but it—I mean I would only be guessing.

At best, this is only evidence of an unexplained loss of control. Ms. Moughon's burden was to present some evidence not only of her loss of control but that the loss of control was due to a legally acceptable reason. In the absence of some evidence of legally acceptable excuse, Mr. Wolf had no further burden to request an issue and prove the case by a common law negligence standard. *Impson v. Structural Metals, Inc.*, 487 S.W.2d at 697; *L. M. B. Corp. v. Gurecky*, 501 S.W.2d at 303.

We are also of the opinion that the facts that conclusively establish Ms. Moughon's unexcused violation of section 52 also conclusively establish proximate cause. It is well settled in this state that proximate cause exists as a matter of law if the circumstances are such that reasonable minds could not differ. *See, e. g., Missouri P. R. R. Co. v. American Statesman*, 552 S.W.2d at 105. It was undisputed that the position of Ms. Moughon's automobile on the wrong side of the street was the cause in fact of the collision and subsequent injuries. Furthermore, except for legally excusable situations as defined by *Impson*, a guide to the foreseeability element is supplied by section 52. *Cf. Missouri P. R. R. Co. v. American Statesman*, 552 S.W.2d at 105; *Southwestern Bell Telephone Co. v. Hertz Equipment Rental Co.*, 533 S.W.2d 853, 857 (Tex.Civ.App.—Fort Worth 1976, writ ref'd n. r. e.). A fair reading of that statute reveals that the Legislature intended to prevent automobile collisions by prohibiting driving in the left lane or lanes of a two-way street. Consequently, there can be no doubt that Ms. Moughon's unexcused travel in the wrong lane of a two-way street placed all persons similarly situated to the Wolfs in a foreseeable zone of danger. *Cf. Parrott v. Garcia*, 436 S.W.2d 897, 900–01 (Tex.1969).

Inasmuch as Ms. Moughon did not deny that she crossed the center stripe and since she failed to adduce some evidence of legally acceptable excuse, we hold that a statutory violation and proximate cause were established as a matter of law. Being conclusively established, this independent ground of recovery was not abandoned for failure to request an appropriate negligence per se submission. Likewise, the common law negligence submission was inappropriate and the jury's finding in regard thereto must be disregarded.

The judgment of the court of civil appeals is affirmed.