**PHILLIPS PETROLEUM COMPANY,**
**Appellant,**

v.

**Roger H. POLLARD and Missouri Pacific**
**Railroad Company, Appellees.**

**No. 17998.**

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 5, 1981.

Rehearing Denied Feb. 4, 1982.

Eugene C. Marshall, Houston, for appellant.

Gordon A. Holloway, J. Donald Bowen, Houston, for appellee.

Before EVANS, C. J., and WARREN and DUGGAN, JJ.

EVANS, Chief Justice.

The plaintiff, employed as a brakeman for Missouri Pacific Railroad Company (MOPAC), sustained personal injuries when he was knocked off the side of a coal car by a switch stand located next to the tracks in a Phillips Petroleum Company (Phillips) owned refinery. Based upon the jury's findings establishing Phillips' negligence per se, the trial court entered judgment for the plaintiff against Phillips in the amount of $30,000 and entered a judgment that Phillips take nothing on its cross-action against MOPAC. Phillips appeals from the entire judgment.

Tex.Rev.Stat.Ann. Art. 6559b sets forth the minimum horizontal distance which must be maintained between the center of the railroad track and the nearest edge of switches and other structures located near the track. That statute provides:

> All loading platforms and all houses and structures, and all fences, and all lumber, wood and other materials hereinafter built, placed or stored along the railroads of this State, either on or near the right of way of the main lines, or on or near any spur, switch or siding of any such railroad, shall be so built, constructed, or placed that there shall be not less than eight and one-half (8½) feet space from the center of such main line, spur, switch or siding to the nearest edge of the platform, or to the wall of the building, or to the lumber, wood or other material.

The plaintiff alleged four grounds of negligence against Phillips: (1) failing to keep a proper lookout for the plaintiff's safety: (2) failing to warn the plaintiff; (3) installing the switch closer to the rails of the tracks than the same should have been installed in the exercise of reasonable care and foresight; and (4) not providing the plaintiff with a safe place to work. Although Phillips generally contends in its brief that the plaintiff's pleading did not allege a violation of the statute as a ground for recovery, the record reflects that evidence was received without objection and issues were submitted on the theory that the defendant was guilty of negligence per se. Since the record reflects that the parties clearly understood that the case was being tried upon such theory, the issue will

be deemed tried by consent regardless of any defect in the pleadings. Tex.R.Civ.P. 67, 274.

Three issues were submitted to the jury on the question of liability and the jury's findings are as follows:

### SPECIAL ISSUE NO. 1

Do you find from a preponderance of the evidence that in January 20, 1977, Phillips allowed the nearest edge of the switch in question to be closer than eight and one half feet to the center of the nearest track?

Answer "We do" or "We do not."

To which the Jury answered "We do."

### SPECIAL ISSUE NO. 2

Do you find from a preponderance of the evidence that such location of the switch was a proximate cause of the occurrence in question?

Answer "We do" or "We do not."

To which the Jury answered "We do."

### SPECIAL ISSUE NO. 3

Do you find from a preponderance of the evidence that on January 20, 1977, Phillips allowed the switch in question to be closer to the nearest rail than a reasonably prudent company would have allowed under the same or similar circumstances?

Answer "We do" or "We do not."

To which the Jury answered "We do not."

■ Phillips concedes that there is evidentiary support for the jury's answers to the first two special issues and that unless some evidence of a legally acceptable excuse for violation of the statute was produced by Phillips, the trial court properly found that Phillips was negligent per se. *Missouri Pac. R. Co. v. American Statesman*, 552 S.W.2d 99, 102 (Tex.1977); *Moughon v. Wolf*, 576 S.W.2d 603, 605 (Tex.1978). However, as Phillips correctly points out in its brief, if the record contains some evidence of a legally acceptable excuse, Phillips would be entitled to a take nothing judgment because the plaintiff failed to obtain an affirmative response to the third special issue measuring Phillips' conduct by the common law or reasonable person standard. *Southern Pacific v. Castro*, 493 S.W.2d 491 (Tex.1973); *Moughon v. Wolf*, supra.

The Texas Supreme Court in *Impson v. Structural Metals Inc.*, 487 S.W.2d 694 (1972) categorized some of the permissible excuses for violating a legislatively imposed standard of conduct:

(a) the violation is reasonable because of the actor's incapacity;

(b) he neither knows nor should have known of the occasion for compliance;

(c) he is unable after reasonable diligence or care to comply;

(d) he is confronted by an emergency not due to his own misconduct;

(e) compliance would involve a greater risk of harm to the actor or to others.

Phillips contends that the plaintiff's own testimony constitutes some evidence of a legally permissible excuse. The plaintiff testified that his vision might have been obscured by some type of construction near the switch, but he could not remember whether he could see the switch or not. Phillips argues that the jury was entitled to infer from this testimony and from photographs in evidence that Phillips had acted in a reasonable and prudent manner in placing the switch closer to the tracks where it could be more easily seen.

■ There is no evidence in the record from which the jury could have inferred that Phillips' compliance with the statute would have involved a greater risk of harm to the plaintiff or to others had the switch been located at the statutory minimum distance from the tracks, and there is no evidence of any other legally permissible excuse within the type enumerated in *Impson, supra*. The trial court, therefore, properly entered judgment in favor of the plaintiff, notwithstanding the jury's failure to find negligence by the common law standard. Phillips' first point of error is overruled.

In its second point of error, Phillips contends that the trial court erred in excluding

certain evidence contained in its bill of exception which, if admitted, would have presented an issue for the jury on Phillips' claim for contribution against MOPAC.

In order to prove negligence on the part of MOPAC, Phillips sought to introduce evidence showing a prior course of dealing between Phillips and MOPAC, and that Phillips had relied upon MOPAC in the placement of the switch stands. Phillips offered testimony tending to show that for years prior to the accident MOPAC inspectors had come to the Phillips plant and had inspected the entire trackage in the plant, that the inspectors had paid attention to the switches and had made no complaints to Phillips about their location, and that Phillips had relied upon MOPAC for technical railroad advice such as the location of switch stands.

The location of tracks and switch stands within the Phillips refinery was governed by an Industrial Track Agreement with MOPAC. Under this agreement Phillips was charged with the responsibility for the location and maintenance of all such tracks and equipment on its property, and this agreement obligated Phillips to locate all switch stands a minimum distance of 8 ½ feet on either side of the center line of the tracks. It further required that Phillips indemnify MOPAC for any act or omission by Phillips.

Phillips does not contend that there was a modification of the terms of this agreement, but it argues that under another provision of the contract, MOPAC is obligated to bear one-half of the total liability because the accident occurred from the parties' "joint or concurring negligence."

The testimony relied upon by Phillips did not raise a fact issue with respect to MOPAC's negligence. The testimony tended to show only that MOPAC inspectors had made a general inspection of the trackage and other facilities in the Phillips plant, and this testimony would not support an inference that the MOPAC inspectors had made any determination with respect to the horizontal clearance of the switch stand in question.

 Evidence of circumstances which would not be of sufficient probative force, when taken with other circumstances proven, and which do no more than raise a suspicion of the existence of the fact sought to be proved, should not be admitted. *Green v. Texas & P. Ry. Co.*, 125 Tex. 168, 81 S.W.2d 669 (1935). The testimony relied upon by Phillips does not tend to establish that MOPAC had knowledge of Phillips' violation of the statute, and no reversible error is shown with respect to the exclusion of this testimony.

The judgment of the trial court is affirmed.