**Jorge CASTRO and Yolanda Castro, Individually and as Next Friends to Jorge Castro, Jr. and Yolanda Castro, Appellants,**

v.

**Guadalupe HERNANDEZ–DAVILA, Appellee.**

**No. 13–84–393–CV.**

Court of Appeals of Texas, Corpus Christi.

April 25, 1985.

---

**576**

Horacio L. Barrera, Brownsville, for appellants.

Paul O'Leary, Juan Magallanes, Brownsville, for appellee.

Before NYE, C.J., and DORSEY and BENAVIDES, JJ.

## OPINION

DORSEY, Justice.

This is an appeal from a take-nothing judgment arising from an accident in which an automobile crashed into an apartment building occupied by the appellants. The jury found no negligence on the part of the defendant, Guadalupe Hernandez-Davila. After a judgment was entered in accordance with the verdict, the plaintiffs, Jorge Castro and Yolanda Castro, individually and as next friends of their children, Jorge Castro, Jr. and Yolanda Castro, brought this appeal on one point of error: "that the jury's failure to find the defendant negligent was against the great weight and preponderance of the evidence."

577

Special Issue No. 1, which inquired as to the defendant's negligence, included instructions that the jury might consider the following factors: speed, lookout, brakes, control of vehicles, and intoxication. If the jury answered Special Issue No. 1 in the affirmative, which it refused to do, it was to answer the next issue, which inquired whether the defendant's negligence was a proximate cause of the accident. Other issues submitted were the gross negligence of the defendant, whether it was a proximate cause, compensatory damages, and exemplary damages. The jury answered the issue as to the defendant's negligence and gross negligence in the negative and did not answer the proximate cause issues because they were conditioned upon an affirmative finding of defendant's negligence. Likewise, the compensatory damage issue was ignored; however, the jury found $6,660.00 as the proper amount of exemplary damages. The trial court entered a take-nothing judgment against the plaintiffs, who perfected this appeal.

█ In testing whether the verdict is against the great weight and preponderance of the evidence, we must consider and weigh all of the evidence in the case to determine whether the finding is so against the great weight and preponderance of the evidence as to be manifestly unjust. *In Re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951); *Ford Motor Co. v. Nowak*, 638 S.W.2d 582 (Tex.App.—Corpus Christi 1982, writ ref'd n.r.e.).

On September 11, 1982, while the plaintiffs were seated in the living room of their apartment in Brownsville, Texas, a pickup truck driven by the defendant, Guadalupe Hernandez-Davila, struck their apartment with great force, collapsing a wall. The appellee admittedly had been drinking for several hours in Matamoras, Mexico, with friends and was on his way home when the collision occurred. The uncontradicted evidence was that Mr. Davila was intoxicated at the time of the collision, having a blood alcohol level of .21 percent, and was charged with driving while intoxicated by Officer Ramirez of the Brownsville Police

Department. Mr. Davila testified that he had been drinking in Matamoras, that he was a heart patient and was taking medication, and that while driving down Boca Chica Boulevard he thought he saw a car coming out of a parking lot towards him; he swerved to avoid it, lost consciousness, and crashed into the building.

The appellee admitted that he was intoxicated at the time and, if he had been sober, he could have gone around the car that allegedly pulled out in front of him. Officer Ramirez testified that it appeared to him that the vehicle appellee was driving was not being controlled at the time of the accident. It did not appear that appellee made any application of his brakes.

A disinterested witness, Janice Esparza, testified that Mr. Davila's vehicle swerved into her lane of oncoming traffic to avoid striking a yellow Torino automobile that suddenly pulled out of a parking lot. The appellant's vehicle went back to the right to avoid Mrs. Esparza's vehicle, crossed two lanes of traffic, struck a curb, ran over a mailbox and tree, and eventually came to rest against the apartment.

█ In applying the above evidentiary standards to the facts at hand, we find that the verdict finding no negligence on the part of the defendant appellee, Guadalupe Hernandez-Davila, was so against the great weight and preponderance of the evidence as to be manifestly unjust. We therefore reverse and remand the case for a new trial.

█ Appellants also argue under their one point of error that a finding of negligence was required by the jury because appellant was negligent per se by his own admission that he was driving while intoxicated in violation of the penal law of this state. Negligence per se is a tort concept whereby courts have adopted a legislatively imposed standard of conduct to define the conduct of a reasonably prudent person. *Moughon v. Wolf*, 576 S.W.2d 603 (Tex.1978). An unexcused violation of a statute constitutes negligence as a matter of law if the statute violated was designed

to prevent injury to the class of persons to which the injured party belongs. *Moughon v. Wolf,* 576 S.W.2d at 604; *Missouri Pacific Railroad Co. v. American Statesman,* 552 S.W.2d 99 (Tex.1977). A party who relies upon negligence per se must assume the burden of proving a statutory violation. *Moughon,* 576 S.W.2d at 604.

Once the burden of proving a statutory violation has been met, the violator must produce evidence of a legally acceptable excuse. *Impson v. Structural Metals, Inc.,* 487 S.W.2d 694 (Tex.1972).[1] None of the evidence adduced in the instant case raised an issue of a legally acceptable excuse for the conduct of the defendant Davila; indeed, there is probably no acceptable excuse for driving while intoxicated.

In a proper case, the trial court could find negligence as a matter of law and so instruct the jury upon a proper request. However, appellants neither plead negligence per se nor did they request a finding and instruction by the trial court. *See Murray v. O & A Express, Inc.,* 630 S.W.2d 633 (Tex.1982); *Eagle Trucking v. Texas Bitulithic Co.,* 612 S.W.2d 503 (Tex.1981). *See also Mooneyhan v. Benedict,* 284 S.W.2d 741 (Tex.Civ.App.—Austin 1955, writ ref'd n.r.e.); *Galveston-Houston Breweries v. Naylor,* 249 S.W.2d 262 (Tex. Civ.App.—Galveston 1952, writ ref'd n.r.e.).

Appellant's sole point of error is sustained and the judgment of the trial court is REVERSED and the cause is REMANDED for a new trial.

---

**1.** In *Impson v. Structural Metals, Inc.,* 487 S.W.2d 694, 696 (Tex.1972), the Supreme Court approved five categories of situations where a statutory violation is excused. These are: 1) the violation is reasonable because of the actor's incapacity; 2) he neither knows nor should know of the occasion for compliance; 3) he is unable, after reasonable diligence or care, to comply; 4) he is confronted by an emergency not due to his own misconduct; 5) compliance would involve a greater risk of harm to the actor or to others.