**Richard FOUGHT, Appellant,**

v.

**David A. SOLCE, D.O., Appellee.**

**No. 01–90–00737–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

Sept. 18, 1992.*

---

**2.** The trial court is not precluded from considering this issue in a proper motion for summary judgment.

*This opinion is the dissent to the denial of a motion for an en banc rehearing of the case

Jay. L. Winckler, for appellant.

Jay H. Henderson, John D. Ellis, for appellee.

### DISSENT FROM THE ORDER OVERRULING THE MOTION EN BANC

O'CONNOR, Justice.

I dissent from the denial of the motion to submit this case for an en banc hearing. This case was heard and decided by a panel composed of Justices Hughes, the author, Bass, and Dunn. I disagreed with the opinion, and called for an en banc submission of the case. TEX.R.APP.P. 79(d). The motion for en banc consideration failed to carry a majority of the Court. From that vote, I dissent.

The full Court should hear and resolve the issues in this case for a number of reasons. First, this case is one of first impression, and meets the requirements under TEX.R.APP.P. 79(e) that we sit en banc in extraordinary circumstances. Second, this opinion is at odds with opinions issued by this Court, and thus meets another of the requirements under TEX.R.APP.P. 79(e) that we sit en banc to maintain uniformity in opinions. Third, this opinion is at odds with opinions issued by the Supreme Court regarding the duty created by a statute that regulates conduct. Fourth, this opinion is at odds with opinions issued by other courts of appeals regarding liability of hospitals and doctors for patient dumping.

I agree with the panel that no doctor-patient relationship existed between Solce and Fought before Fought went into the emergency room. Such a relationship, however, is not necessary in this case. Section 311.022 of the Health and Safety Code provides:

No officer, employee or member of the hospital medical staff of a general hospital shall deny emergency services available at the hospital to a person diagnosed by a licensed physician as requiring emergency services because the person is unable to establish his ability to pay for the services or because of race, religion, or national ancestry. In addition, the person needing the services may not be subjected to arbitrary, capricious, or unreasonable discrimination based upon age, sex, physical condition or economic status.

In this Act, "emergency services" means services that are usually and customarily available at the respective hospital and that must be provided for immediately to sustain a person's life, to prevent serious permanent disfigurement or loss or impairment of a bodily member or organ. . . .

TEX.HEALTH & SAFETY CODE ANN. § 311.022 (Vernon Pamp.1991) (the Code) (formerly TEX.REV.CIV.STAT. 4438a.) The italicized phrase in the above quote was added as part of the 1983 amendments to section 311.022. Violation of section 311.022 carries penalties ranging from class B misdemeanor to third degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 311.022, § 2(a) and (b).

The Legislature enacted section 311.022 of the Code to prevent patient dumping by hospitals. The statute creates a duty on the part of hospitals, "officer, employee *or member of the hospital medical staff* of a general hospital," to treat all persons who need emergency care, even if a person does not have health insurance. Solce is a member of the staff of Eastway General Hospital. In creating a duty on the part of the hospital, its employees, and members of its staff, the Legislature created a right for persons who need emergency care. When Solce refused to treat Fought because he did not have medical insurance, Solce violated a duty created by the Legislature. It does not matter that there was no doctor-

*Fought v. Solce,* 821 S.W.2d 218 (Tex.App.— Houston [1st Dist.] 1991, writ pending). The Texas Supreme Court ordered the First Court of Appeals to file this dissenting opinion. *O'Connor v. First Court of Appeals,* 837 S.W.2d 94 (Tex.1992).

patient relationship between Solce and Fought. The duties created by the Legislature are separate, apart, and in addition to the duties created by the doctor-patient relationship.

The panel dismisses *El Chico Corp. v. Poole*, 732 S.W.2d 306 (Tex.1987) in a footnote. Conceding the wisdom of *El Chico*, the panel says (1) it is readily apparent that citizens of this state need protection from intoxicated motorist, and (2) an entity that undertakes to serve alcoholic beverages should face the consequences. *Id.* If the panel made the same concession here, *El Chico* would require it to acknowledge that (1) citizens need protection from the hospital practice of dumping patients who have no insurance, and (2) the hospitals and their staff members, who provide emergency room service, should face the consequences of dumping.

The *El Chico* opinion is directly on point and should control the outcome of this case. In *El Chico*, the court said the unexcused violation of a statute that sets a standard of care, constitutes negligence in itself if the statute is designed to prevent an injury to that class of persons to which the injured party belongs. 732 S.W.2d at 312. The court said a standard of conduct may be found in a statute, even though it is silent on the issue of civil liability. *Id.*

The holding in *El Chico*, that the unexcused violation of a statute can result in civil liability, is merely the restatement of a common law principle. In rejecting the holding of *El Chico*, the panel also rejects the same common law principle as stated in *Nixon v. Mr. Property Mgmt. Co.*, 690 S.W.2d 546, 549 (Tex.1985) (violation of city ordinance that establishes minimum responsibilities for landowners); *Murray v. O & A Express, Inc.*, 630 S.W.2d 633, 636 (Tex.1982) (violation of statute that controls parking on the side of highways); *Moughon v. Wolf*, 576 S.W.2d 603, 604 (Tex.1978) (violation of statute that prohibits driving on wrong side of road); *Parrott v. Garcia*, 436 S.W.2d 897, 899 (Tex.1969) (violation of statute that prohibits racing on public highway); *Missouri P.R. Co. v. American Statesman*, 552 S.W.2d 99, 103 (Tex.1977) (violation of statute that requires a clearance beneath certain structures); *Southern P. Co. v. Castro*, 493 S.W.2d 491, 500 (Tex.1973) (violation of statute that requires automobiles to stop at railroad crossing); *Christy v. Blades*, 448 S.W.2d 107, 110 (Tex.1969) (violation of statute that requires automobiles to stop at railroad crossing); *Caskey v. Bradley*, 773 S.W.2d 735, 737 (Tex.App.—Fort Worth 1989, no writ) (violation of statute regarding blind pedestrian); *Peek v. Oshman's Sporting Goods, Inc.*, 768 S.W.2d 841, 844 n. 1 (Tex.App.—San Antonio 1989, writ denied) (violation of federal statute that prohibits sale of handguns to certain persons); *Hughes Drilling Fluids, Inc. v. Eubanks*, 729 S.W.2d 759, 760 (Tex.App.—Houston [14th Dist.] 1986, dism'd by agreement) (violation of statute that prohibits driving while intoxicated); *Castro v. Hernandez-Davila*, 694 S.W.2d 575, 577 (Tex.App.—Corpus Christi 1985, no writ) (violation of statute that prohibits driving while intoxicated); *Jones v. Southwestern Newspapers Corp.*, 694 S.W.2d 455, 458 (Tex.App.—Amarillo 1985, no writ) (violation of statute that prohibits driving on wrong side of road); *Lansing v. Allen*, 586 S.W.2d 219, 221 (Tex.App.—Waco 1979, no writ) (violation of statute that prohibits crossing the center stripe of highway); *Hoppe v. Hughes*, 577 S.W.2d 773, 775 (Tex.App.—Amarillo 1979, writ ref'd n.r.e.) (violation of statute that prohibits crossing the center stripe of highway); *Wolf v. Moughon*, 562 S.W.2d 936, 938 (Tex.App.—Houston [1st Dist.]) aff'd, 576 S.W.2d 603, 604 (Tex.1978) (violation of statute that prohibits driving on wrong side of road); *Hurlburt v. Planters Nat'l Bank & Trust Co.*, 539 S.W.2d 97, 98 (Tex.App.—Waco 1976, writ ref'd n.r.e.) (violation of statute that prohibits crossing the center stripe of highway).

The expressed legislative purpose in enacting the 1989 amendment to section 311.022 of the Code was to prohibit *the staff* of a general hospital from certain discriminatory practices in providing emergency diagnoses and services. The Code made it a criminal violation for a member of a hospital medical staff of a general hospital to deny emergency services available at the

hospital to a person diagnosed by a licensed physician as requiring emergency services because the person is unable to establish his ability to pay for the services.

Other opinions from the courts of appeals have recognized that a hospital has as duty to treat emergency patients, and violation of that duty can result in a civil suit for damages against the hospital, its employees, and the hospital's medical staff. *See Brownsville Med. Ctr. v. Gracia,* 704 S.W.2d 68, 72 (Tex.App.—Corpus Christi 1985, writ ref'd n.r.e.) (suit against a hospital and a doctor); *Ortiz v. Santa Rosa Med. Ctr.,* 702 S.W.2d 701, 706 (Tex.App.—San Antonio 1985, writ ref'd n.r.e.) (suit against a hospital and a doctor); *Valdez v. Lyman–Roberts Hosp., Inc.,* 638 S.W.2d 111, 113 (Tex.App.—Corpus Christi 1982, writ ref'd n.r.e.) (suit against a hospital and two nurses). The panel opinion dismisses these cases, too.

In this summary judgment case, the following facts have been established:

1. Eastway is a general hospital.
2. Solce is on medical staff at Eastway.
3. Solce agreed to be on call.
4. The hospital relied on Solce's agreement to be on call in holding out to the public that it offered full service emergency care.
5. Hall is a licensed physician.
6. Hall diagnosed Fought to need 'Solce's services.
7. Solce refused.
8. Fought suffered serious permanent disfigurement (he lost his leg).

There is controverting evidence as to the following:

1. Whether Solce's refusal to treat Fought was based on Fought's inability to prove he had medical insurance or because Solce believed Fought would be better served at a trauma unit.
2. Whether Solce's refusal to treat Fought was the cause in fact for some part of Fought's injuries.

Because this appeal is from a summary judgment, the panel should consider Fought's evidence is true. Thus, the panel must assume that Solce, as a staff member of a general hospital, refused to provide emergency service to Fought due to Fought's inability to prove that he had medical insurance. Under the common law, Solce was under no obligation to treat Fought because there was no doctor-patient relationship. Under section 311.022 of the Code, however, Solce was under an obligation to treat Fought because of the duty created by the Legislature.

In conclusion, the panel holds that the common law requirement of a doctor-patient relationship is the only duty that a patient can claim was breached in a medical malpractice cause of action. I disagree. By enacting section 311.022, the Legislature created a duty; Solce breached it; and the plaintiff sued on it. This case should go to the jury.

I would grant the motion for en banc, reverse and remand for trial on the merits.