Elbert A. TAYLOR, Appellant,

v.

**SOUTHWESTERN BELL TELEPHONE
COMPANY, a Corporation,
Appellee.**

No. 6240.

Court of Civil Appeals of Texas,
El Paso.

June 28, 1972.

H. S. Harris, Jr., Midland, for appellant.

Stubbeman, McRae, Sealy, Laughlin &
Browder, Charles L. Tighe, Alvin Wal-

voord, Jr., Midland, Marlin L. Gilbert and Leo E. Eickhoff, Jr., San Antonio, for appellee.

## OPINION

WARD, Justice.

This is an appeal from summary judgment that the plaintiff below take nothing from his personal injury suit against Southwestern Bell Telephone Company. The summary judgment was grounded on the assertion made by the motion that defendant's alleged negligence in placing its telephone wire across the surface of the plaintiff's yard was superseded by a new and independent cause when two boys later hung the wire from a tree so that it was above the plaintiff's driveway and in a position where it was struck by a car driven by the plaintiff's wife. The wire then struck the plaintiff and propelled him through the air "like an arrow from a bowstring." We affirm the judgment of the trial Court.

With candor, the plaintiff in this action for negligence agreed to stipulate as to the facts controlling the dispute insofar as they concern the summary judgment. The stipulation reveals a unique yet unfortunate set of circumstances in the causal connection. The agreed statement follows:

"On or about April 29, 1967, employees of Southwestern Bell Telephone Company, the Defendant, placed a telephone wire on the ground, across the driveway and front yard of Plaintiff's residence, which is located about twelve miles from Midland on the Andrews Highway. The wire was to provide phone service to the Plaintiff's brother-in-law who lived in a house trailer next door to the Plaintiff. Defendant telephone company did not ask or obtain authority or permission from Plaintiff to lay this telephone line on the ground or across his driveway and yard in any manner before doing so. Several days after the line was placed on the ground, the Plaintiff claims that he asked his brother-in-law to call the company and ask that the line be moved. The line was to be buried or placed on poles, but nothing was done to alter the location of the line prior to the incident described below.

"On or about May 9, 1967, the Plaintiff's son, Ricky, 17 years of age, and his brother-in-law's son, Elton, were mowing the Plaintiff's lawn. Earlier in the day the Plaintiff's wife had left their house in the car and gone to work. While mowing the yard, the two boys lifted the wire from the ground and placed part of it over the limb of a tree so that it was suspended about two to three feet above the driveway and (over) it. About thirty minutes after this occurred, and between 6:00 and 7:00 P.M., the Plaintiff's wife was returning home. The Plaintiff who had been in the backyard came into the front yard and saw his wife approaching and also saw the line hanging from the tree. He ran to pull the line down and at about the same time that he grabbed the line the car driven by his wife hit the line. The Plaintiff alleges that he was thrown against the house and that he was injured as a result. During the time the line was on the ground, prior to the alleged accident, the plaintiff and his wife had had no difficulty in driving into and out of their driveway. The Plaintiff had no prior knowledge that the line had been raised off the ground until he saw it as his wife approached, and the Defendant had no knowledge that the line had been raised off the ground at any time prior to the alleged accident."

We emphasize that the only cause of action alleged against the defendant is one based on negligence as it is in that field that precedent allows full play to the use of proximate cause in restricting liability. The defendant's employees are alleged to have been negligent in these respects:

"1. In leaving the telephone cable in question upon the surface of plain-

tiff's yard and driveway area for a period of approximately eleven (11) days;

2. In failing to raise the telephone cable in question on poles and a reasonable and safe distance above plaintiff's yard and driveway area;

3. In failing to bury the telephone cable in question below the surface of plaintiff's said yard and driveway area."

As to the plaintiff's own action after he observed the car approaching, he alleged that he was justified in acting as he did as he was acting in the capacity of a rescuer and attempted to save the two boys and his wife from a position of peril from being struck by the telephone wire; that he was not contributorily negligent and did not assume the risk incident to his act as he only acted in a reasonable and prudent manner considering the circumstances and the time available to him for deliberation.

 At the outset, we are confronted with the availability of the summary judgment procedure where proximate cause is the issue. An abundance of obstacles are apparent. Some of these consist of the movant's usual burden to establish as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action, Gibbs et al. v. General Motors Corporation, 450 S.W.2d 827 (Tex.1970); the granting of every possible inference arising from the facts to the non-movant, Layne et al. v. Darnell, 454 S.W.2d 474 (Tex.Civ.App.—Fort Worth 1970, writ ref'd n. r. e.); even statements as to the futility of moving for summary judgment in a negligence case as proximate cause is inherently a matter to be left to the fact finder. 4 McDonald, Texas Civil Practice, Sec. 17.26.12, at p. 177. Regardless of these perils, the parties have stipulated to the facts believing that the summary procedure would be of benefit. The facts being

stipulated before us we feel we are bound to accept them as the only facts available in the case.

 The plaintiff's complaint is that proximate cause exists and there is no new and independent cause of such a nature as to cut short liability. In considering the matter, the parties are in agreement as to the principles involved. In this light, the theory of new and independent cause is not an affirmative defense; it is but an element to be considered normally by the finder of the facts in determining the existence or non-existence of proximate cause. Dallas Railway & Terminal Co. v. Bailey, 151 Tex. 359, 250 S.W.2d 379 (1952). The generally approved submission is at Vol. 1, Texas Pattern Jury Charges, Sec. 2.03, and is to the effect that "'New and Independent Cause' means the act or omission of a separate and independent agency, not reasonably foreseeable, which destroys the causal connection, if any, between the act or omission inquired about and the occurrence in question, and thereby becomes the immediate cause of such occurrence." Regardless of many authorities to the contrary and criticism, the Texas Courts are firmly committed to the proposition that the issue of foreseeability is related to the issue of proximate cause. Green, Proximate Cause in Texas Negligence Law, 28 Texas L.Rev. 471, 621, 755. Teer et ux. v. J. Weingarten, Inc., 426 S. W.2d 610 (Tex.Civ.App.—Houston 1968, writ ref'd n. r. e.). The last authority points out that though the main inquiry is as to whether the intervening conduct was reasonably foreseeable or not, we still have the following three possibilities: (1) The new and independent cause, within the terms of the definition, not reasonably foreseeable, which destroys the causal connection; (2) The intervening cause which was reasonably foreseeable, which does not destroy the causal connection; and (3) The intervening cause, though unforeseeable, which is a concurring cause and which does not destroy the causal connection. In this

regard, the following is quoted from the Teer case:

"The intervening cause of the plaintiff's injury, even if unforeseeable, may be a concurring cause if the chain of causation flowing from the defendant's original negligence is continuous and unbroken. The intervening cause, if it is a concurring cause, does not break the chain of causation between the defendant's negligence and the plaintiff's injury simply because the intervening cause was unforeseeable."

■ As to whether or not the intervening conduct of the two boys in placing the telephone wire in the tree and over the driveway was reasonably foreseeable or not, we feel we are governed by such cases as Texas & P. Ry. Co. v. Bigham, 90 Tex. 223, 38 S.W. 162 (1896) and Southwestern Bell Telephone Co. v. Hardy, 131 Tex. 573, 117 S.W.2d 418 (1938). These cases have been cited as authority by our Supreme Court as late as Humble Oil & Refining Company v. Whitten, 427 S.W.2d 313 (Tex.1968); and Robert R. Walker, Inc. v. Burgdorf et al., 150 Tex. 603, 244 S.W.2d 506 (1952). The Hardy case closely resembles the instant case in that there the telephone company was advised to remove a telephone wire from a house that was going to be wrecked. After the telephone company had failed to remove the wire, a member of the wrecking crew disconnected the wire from the house and tied the loose end to a porch post. The wire was then so low over the street that it caught the plaintiff under his chin and dragged him off of the truck in which he was riding. The Supreme Court held as a matter of law that a new and independent cause was present. We therefore hold that the act of the boys was not reasonably foreseeable.

There still remains the problem of whether or not the intervening cause is a concurring cause even if unforeseeable. Recently, our Supreme Court, in the case of Humble Oil & Refining Company v. Whitten, supra, approved the principles

formulated by the Restatement of Torts. The principles stress the point as to whether the intervening cause was a "normal response" to a situation created by the defendant's negligent conduct, or whether it was an "extraordinary" occurrence. See annotation 100 A.L.R.2d 942, at p. 992.

In the Whitten case, supra, the following is stated:

"In deciding whether an act is a concurring or a new and independent cause we confront the difficulty of applying familiar principles to specific facts. Some of the criteria which aid decisions such as this, are found in section 442, Restatement, Second, Law of Torts:

The following considerations are of importance in determining whether an intervening force is a superseding cause of harm to another:

(a) the fact that its intervention brings about harm different in kind from that which would otherwise have resulted from the actor's negligence;

(b) the fact that its operation or the consequences thereof appear after the event to be extraordinary rather than normal in view of the circumstances existing at the time of its operation;

(c) the fact that the intervening force is operating independently of any situation created by the actor's negligence, or, on the other hand, is or is not a normal result of such a situation;

(d) the fact that the operation of the intervening force is due to a third person's act or to his failure to act;

(e) the fact that the intervening force is due to an act of a third person which is wrongful toward the other and as such subjects the third person to liability to him;

(f) the degree of culpability of a wrongful act of a third person which sets the intervening force in motion."

A consideration of a majority of the criteria leads us to believe that the accident in the instant case was a result of a new and independent intervening cause. The act of the boys in elevating the wire from the ground to the raised position in the tree created a danger to the use of the automobile on the driveway; it seems indeed extraordinary to find that the flinging of the plaintiff through the air "like an arrow from a bowstring" was an expected consequence of leaving the wire flat on the ground; it seems somewhat abnormal that the wire would be raised over the driveway even though the defendant should be charged with knowledge that the wire would have to be moved to mow the grass; no doubt the operation of the intervening force was due to the boys' act and finally it was the boys' act that created the condition that gave rise to the accident.

We conclude that the flinging of the plaintiff through the air "like an arrow from a bowstring" was caused by the new and independent act of the boys.

The judgment of the trial Court is therefore, in all things, affirmed.