John Edward HENNESSY and Donald Lee Wine, Appellants,

v.

ESTATE OF Rudy PEREZ, Appellee.

No. 01–86–0583–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 19, 1987.

**508**

J. Richard Hall, Houston, for appellants.

Alice M. Giessel, Giessel, Stone, Barker & Lyman, Houston, for appellee.

Before EVANS, C.J., and SMITH and WARREN, JJ.

## OPINION

WARREN, Justice.

The appellants filed suit against Robert Lesley Clay, Jimmy Charles Clay, and the estate of Rudy Perez ("Perez") seeking damages for personal injuries suffered in an automobile-pedestrian collision. They settled their suit against Robert Lesley Clay and Jimmy Charles Clay, and an interlocutory take-nothing judgment was entered in favor of those defendants. The trial court then granted Perez's motion for a take-nothing summary judgment against the appellants, which is the subject of this appeal.

Because the undisputed facts do not establish, as a matter of law, that Perez's negligence was *not* a concurring proximate cause of the injuries suffered by the appellants, we reverse the judgment of the trial court.

At 3:00 a.m. on January 6, 1985, while driving on I–10 in Houston, Rudy Perez lost control of his truck and crashed into a guardrail on the highway's median. The weather was clear and cold. The truck rolled over on its side and came to rest in the middle of the leftmost lane of traffic. Perez, thrown from his truck into the highway by the force of the collision, was severely injured and died of complications from his injuries. In the cab of Perez's truck, the police found both opened and unopened cans of beer.

A number of people were attracted to the scene, including the appellants, John Edward Hennessy and Donald Lee Wine, and an off-duty policeman. Hennessy temporarily left to call the police and an ambulance from a nearby telephone, while Wine worked with the off-duty policeman in setting flares out to warn oncoming traffic. Hennessy then rejoined Wine, and the two prepared to leave the scene, at approximately 3:20 a.m.

At that moment, Robert Lesley Clay, in a car owned by Jimmy Charles Clay, drove through the warning flares and struck the appellants while they were standing on the roadway. Clay was arrested at the scene and charged with driving while intoxicated.

The appellants filed suit against the Clays and the estate of Rudy Perez, alleging that the negligence of each defendant was a proximate cause of their injuries. The appellants settled their claim against the Clays and executed a release in favor of the Clays and their insurer.

The appellants' petition alleged that Perez was negligent because he failed to control his vehicle or its speed, because he failed to apply his brakes, and because he drove under the influence of alcohol. The motion for summary judgment filed by Perez, which the trial court granted, asserted that his negligent acts could not have proximately caused the appellants' injuries because those acts had already run their course, and because Clay's conduct was unforeseeable and therefore was a superseding cause absolving Perez of liability.

The appellants maintain that the trial court incorrectly granted the summary judgment "because there was a genuine issue as to a material fact as to whether Robert Lesley Clay's negligence was a ... continuing or concurring cause," in conjunction with the negligence of Perez. A concurring cause is one that was a substantial factor in bringing about injury, which might reasonably have been contemplated

as contributing to the result under the attending circumstances. *Missouri Pac. R.R. v. American Statesman*, 552 S.W.2d 99, 103–04 (Tex.1977).

A defendant who seeks summary judgment has the burden of establishing that there is no issue as to any fact material to an essential element of the plaintiff's cause of action, and that the moving party is entitled to summary judgment as a matter of law. *"Moore" Burger, Inc. v. Phillips Petroleum Co.*, 492 S.W.2d 934, 936 (Tex. 1972). In the present case, the parties do not dispute the material facts, but they do disagree on whether the facts negate a finding of proximate cause as a matter of law.

■ Proximate causation is an essential element of an action for negligence. In order to hold a defendant liable for negligence, the plaintiff must prove that (1) the defendant's negligent act was the cause-in-fact of plaintiff's injury, and (2) the injury was foreseen or reasonably should have been foreseen as the result of the negligence. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 549–50 (Tex. 1985). Because proximate causation is inherently a factual issue, and because it is a contested issue in most negligence cases, it has been said that summary judgment procedure is not well adapted to the disposition of negligence cases. *Taylor v. Southwestern Bell Tel. Co.*, 483 S.W.2d 330, 332 (Tex.Civ.App.—El Paso 1972, no writ).

This general rule, that negligence issues are not to be summarily adjudicated, is noted in a recognized treatise, which also notes that the rule does not apply "when the showing upon the motion establishes undisputed facts which would compel all reasonable men, exercising sound and impartial judgment, to draw inferences and conclusions which would lead only to a verdict for the moving party." 4 R. McDonald, *Texas Civil Practice in District & County Courts* § 17.26.12 at 208–09 (rev. 1984).

A survey of the cases cited by McDonald, as exceptions to the general rule, reveals that in each of those cases the trial court found, as a matter of law, a defense barring the recovery. *Id.* at 216 n. 36. In *Taylor*, for example, the trial court held that the stipulated facts conclusively established the defense of new and intervening cause. 483 S.W.2d at 334. Many of the other cases cited by McDonald were decided at a time when a plaintiff's contributory negligence was an absolute bar to recovery. *See, e.g., Luckey v. Adams*, 397 S.W.2d 519, 522 (Tex.Civ.App.—Tyler 1965, no writ). Our case, of course, is governed by the law of comparative negligence. The trial court did not find that any defense in bar was conclusively proven, but did find that the negligence of Perez was not the proximate cause of the injuries.

■ The summary judgment evidence indicates (a) that the appellants helped place flares to warn oncoming traffic of the presence of Perez and his truck in the roadway, (b) that they also attempted to aid Perez by calling an ambulance, and (c) that they planned to remain on the scene until they knew medical aid was on its way. Under these circumstances, a fact question arose as to whether the appellants were entitled to the benefit of the rescue doctrine.

"The underlying basis of the rescue doctrine is that the defendant negligently created a situation which provoked the rescue effort, and that the rescuer's resulting injury was something that could reasonably have been foreseen by the negligent defendant, and was a natural and probable result of such negligence." *Longacre v. Reddick*, 215 S.W.2d 404, 406 (Tex.Civ.App.—Fort Worth 1948, mand. overr.). In *Longacre*, as in our case, the plaintiff sued the party whom he attempted to rescue. The Fort Worth court observed: "It is not material, from the plaintiff's standpoint, that the negligent [party] was the one who was rescued." *Id.*

But even if the rescue doctrine does not apply to the facts of this case, a fact issue exists precluding a summary judgment, because the evidence does not conclusively show that Perez, allegedly driving while intoxicated, should not have reasonably foreseen that his negligent conduct on a heavily travelled interstate highway posed a threat to those in the appellants' position.

*See, e.g., Williams v. Steves Indus. Inc.,* 699 S.W.2d 570, 575–76 (Tex.1985) (heavy traffic on highway was considered in determining whether plaintiff's conduct was concurring proximate cause of accident).

In the *Steves Industries* case, the supreme court elaborated on the elements of proximate causation. Cause in fact is shown when "but for the conduct the accident would not have happened." *Id.* at 575 (citation omitted). For a jury to determine that the result of a negligent act was foreseeable,

> [i]t is not required that the particular accident complained of should have been foreseen. All that is required is "that the injury be of such a general character as might reasonably have been anticipated; and that the injured party should be so situated with relation to the wrongful act that injury to him or to one similarly situated might reasonably have been foreseen."

*Id.* (citation omitted).

Perez asserts that this case is ruled by the supreme court's decision in *Bell v. Campbell,* 434 S.W.2d 117 (Tex.1968), because the facts of the two cases are nearly identical. In *Bell* the defendant was involved in a collision that overturned a trailer in the middle of a highway. *Id.* at 119. Bell stopped to help and was struck and killed by a car driven by a third party, who disregarded a warning signal given him as he approached the scene. *Id.* The Texas Supreme Court held that, as a matter of law, the initial collision was not a proximate cause of Bell's death, because neither the second collision nor the death were reasonably foreseeable results of the defendant's negligence. *Id.* at 121.

We do not consider the *Bell* case to be controlling here, because in *Bell* the facts were fully developed at trial. Thus, the decision in *Bell* does not establish an exception to the general rule regarding summary judgments and negligent cases. Here, the summary judgment does not establish that the appellants' injuries were legally unforeseeable by Perez. We note that the rescue doctrine was not discussed in *Bell* and that it was evidently not an issue in that case.

Because there is an unresolved issue relating to the factual question of foreseeability, the appellants' second point of error is sustained.

The judgment of the trial court is reversed, and the cause remanded for a trial on the merits.