**Billy Joe BALL, Sr., Appellant,**

v.

**SGB CONSTRUCTION SERVICES, INC., Appellee.**

**No. 01–91–00224–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 21, 1991.

Gregory W. Allen, Houston, for appellant.

Cynthia Adams, Houston, for appellee.

Before TREVATHAN, C.J., and COHEN and O'CONNOR, JJ.

## OPINION

TREVATHAN, Chief Justice.

This is an appeal from a take-nothing summary judgment rendered in favor of the defendant, SGB Construction Services, Inc. (SGB). The plaintiff, Billy Joe Ball, Sr. (Ball), sued SGB, alleging that he was injured as a result of the negligence and gross negligence of SGB. Palmer Scaffolding, Incorporated (Palmer) was brought into the suit as a third-party defendant.

In his pleading, Ball stated that he was an employee of Trinity Plastering Company

of Fort Worth and was injured while working on the premises of M.D. Anderson Hospital in Houston. According to Ball, he slipped and fell off some scaffolding, which was erected about 12 to 16 feet above the ground and did not have hand rails. Ball complained that SGB was negligent because it (1) failed to provide to the erector of the scaffolding (Palmer) guardrails suitable to prevent accidents, (2) failed to provide a sufficient amount of scaffolding to properly enclose and guard the area, (3) failed to provide adequate instructions to the erector on properly enclosing and scaffolding the area where Ball was working, (4) provided scaffolding that was inadequate or improperly designed, (5) caused a dangerous condition to exist, (6) failed to correct a dangerous condition, and (7) failed to see the inevitable result that would be created if the dangerous condition was not corrected.

SGB generally denied Ball's allegations and asserted that his injuries were caused by the acts or omissions of third parties over which it had no control. In its motion for summary judgment, SGB contended it only supplied the scaffolding equipment to be used at the construction site and had no duty of any kind for the scaffold erection. SGB further stated it had no contractual relationship with Palmer. The trial court did not enumerate the grounds it relied on for its summary judgment ruling. Therefore, summary judgment will be affirmed if any of the theories advanced are meritorious. *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex.1989).

In his sole point of error, Ball urges that the trial court erred in granting summary judgment because the record shows a fact issue existed regarding SGB's failure to provide instructions to Palmer, the scaffold erector. Ball contends that SGB's failure to provide instructions to an erector of its products in an industrial setting is negligence that a reasonable company could foresee resulting in an accident if such guidelines were not followed. SGB responds, in uncontroverted summary judgment evidence, that it fulfilled any duty it possessed and provided all necessary in-structions to Palmer before the start of the project.

To be entitled to a summary judgment, a defendant must establish that there is no issue of material fact on at least one essential element of the plaintiff's cause of action. *Anderson v. Snider*, 808 S.W.2d 54, 55 (Tex.1991); *Hennessy v. Estate of Perez*, 725 S.W.2d 507, 509 (Tex.App.—Houston [1st Dist.] 1987, no writ). The elements of a negligence cause of action, which Ball was required to prove, are: (1) a legal duty owed by one person to another; (2) a breach of that duty; and (3) damages proximately resulting from the breach. *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex.1990).

The existence of a duty is a question of law for the court to decide from the facts surrounding the occurrence in question. *Phillips*, 801 S.W.2d at 525. Generally, there is no duty to control the conduct of third persons. *Phillips*, 801 S.W.2d at 525. Ball asserts, however, that SGB owed a duty to provide adequate safety instructions to Palmer, and that SGB breached that duty.

In his affidavit in support of SGB's summary judgment motion, John Palmer, former president of Palmer, stated there was no contract between Palmer and SGB for work at the job site where the accident occurred, and that Palmer was responsible for erecting the scaffolding. Mickey Staton's affidavit reiterated that SGB had no responsibility for erecting the scaffolding, and stated that SGB only supplied the materials. Palmer's answers to SGB's written interrogatories also stated that employees of Palmer erected the scaffolding in question. In his deposition, Gary Nanny, an eyewitness to the accident, agreed that there was no problem with the scaffold equipment, but with how the equipment was erected. In his deposition, Ball admitted that he did not know who erected the scaffolding. However, he stated he was told that SGB was the "scaffolding company," and he noticed SGB "stickers" on the material. Ball agreed there was no problem with the scaffolding, except the absence of guardrails. In his deposition,

John Palmer said that SGB did not participate in any decisions on the types or quantities of scaffolding, guardrails, or anything else that was necessary for the job. He also stated that SGB never failed to provide guardrails that were ordered or requested from it. Most importantly, Palmer stated SGB had given him instructions on the proper erection of the scaffolding.

We conclude, after reviewing the uncontroverted facts presented by the summary judgment evidence, SGB did not determine the quantities or types of scaffolding materials required for the job, nor did it erect the scaffolding. The instructions or data manual was given to Palmer, and there has been no *fact* raised that challenges the adequacy of those instructions.

The uncontroverted deposition testimony of John Palmer established that Palmer had received safety instructions from SGB:

Q. Okay. Did SGB ever provide you any erection instructions when you went out there to pick up the equipment regarding the particular scaffolding that was being used on this job?

A. SGB had a product data manual, which I had a copy of.

Q. Did you have a copy of that product data manual prior to the beginning of this project?

A. Yes, sir.

. . . .

A. Well, I guess the best way I can answer that is, you know, when using their products, there were several discussions about how to properly use the products, going over the product data sheet, the safety rules and regulations. I can't say that on this particular job that an SGB employee came up and specifically gave me this.

Q. Are you saying that on other jobs there were discussions between SGB and Palmer Scaffolding as to erection practices, safe erection practices?

A. Yes, sir. You know, as a manufacturer SGB had the product data books on how to use their products and the safety practices and all that, you know, type of thing that they would supply to users of their product.

. . . .

A. I can't say that on this specific job, you know, they came out and said that, you know, or gave me this on this particular job. But I can say that prior to that they had, you know, made me familiar with their product data book, and you know, how to use the product separately.

We find there was no material issue of fact that SGB met any duty it had to supply instructions about its scaffolding to Palmer.

Ball argues that, under *Hennessy*, the issues of negligence and proximate cause are not to be summarily adjudicated. *Hennessy*, 725 S.W.2d at 509. There are simply no material issues of fact in this case, as there were in *Hennessy*.

We overrule appellant's point of error and affirm the judgment.