TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00553-CV






Janie Morales and Terrie Secaida, Community Administrator of the


Estate of Edward Secaida, Appellants



v.



Chard Richard Craig; Wheaton Van Lines, Inc.; and Johnnie P. Williams, Appellees






FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT


NO. 96-442-C277, HONORABLE JOHN R. CARTER, JUDGE PRESIDING






 Appellant Janie Morales sued appellees Chard Richard Craig, Wheaton Van Lines,
Inc. ("Wheaton"), and Johnnie P. Williams for negligence. (1) The district court granted summary
judgment in favor of Craig, Wheaton, and Williams against Morales and appellant Terrie Secaida,
a third-party defendant who also asserted claims against appellees. We will affirm the summary
judgment in favor of Wheaton and Williams and reverse the summary judgment in favor of Craig.


FACTUAL BACKGROUND

 Many of the underlying facts in this case are not in dispute, and where they are, it is
appellants' summary-judgment proof that we must accept as true. See Nixon v. Mr. Prop. Mgmt.
Co., 690 S.W.2d 546, 548-49 (Tex. 1985).

 This cause involves a multi-vehicle accident. Edward Secaida was driving a Buick
Skylark automobile in which Victor Manuel Morales, Jr. (the son of Janie Morales) and two others
were passengers. Williams, an employee of Wheaton, was driving a tractor-trailer (2) owned by
Wheaton. Craig was driving a GMC Suburban.

 At around 5:30 p.m. on a Friday in August 1996, the three vehicles were involved in
a collision. The weather was cloudy, but the road was dry. The speed limit was seventy miles per
hour for automobiles and sixty miles per hour for tractor-trailers. The Secaida vehicle was traveling
south on Highway 195 near Florence and was behind Williams. Craig was traveling north on the
same highway at an estimated speed of between fifty-five and sixty miles per hour. Williams
estimated his speed at about forty-five or fifty miles per hour, but Morales's expert witness opined
that the tractor-trailer was traveling at about eighty-five to ninety miles per hour. Edward Secaida,
proceeding uphill, attempted to pass Williams in a no-passing zone. In order to pass, Secaida pulled
into the northbound lane, where Craig was traveling. As Craig crested the hill, he saw the Secaida
car in his lane. Craig and Secaida made two maneuvers in mirror fashion: first, Craig to his right
toward the northbound paved shoulder and Secaida to his left toward the same shoulder, and then
Craig to his left toward the southbound lane and Secaida to his right toward the southbound lane. 
Craig then started to turn back to his right when his vehicle and the Secaida vehicle collided head-on
in the southbound lane of the highway. (3) There is no evidence that Craig at any time applied his
brakes. 

 Meanwhile, Williams saw Secaida attempt to pass him and also saw Craig
approaching in the same lane. Williams applied his brakes and drove off onto the paved right
shoulder. The Secaida car rebounded from Craig's vehicle and collided with Williams's tractor-trailer. The Secaida car slid under the tractor's front wheels and caught fire. All four people in
Secaida's car died at the scene of the accident. Craig was severely injured and spent about thirty
days in the hospital. Williams was not injured.

 Victor Manuel Morales, Jr. was a passenger in Secaida's car and died as a result of
injuries he suffered in the collision. His mother, Janie Morales, sued Craig, Williams, and Wheaton
for wrongful death. (4) All three defendants filed third-party petitions against Terrie Secaida, Edward
Secaida's wife, in her capacity "as community administrator of the estate of Edward Secaida,
[d]eceased," claiming that Edward Secaida's negligence was the sole proximate cause of the
collision. Terrie Secaida answered, denying that Edward Secaida was responsible for the collision,
and asserted "cross-claims" (5) against Craig, Williams, and Wheaton, alleging that their negligence
was the cause of Edward's death. Craig, Williams, and Wheaton filed motions for summary
judgment, generally alleging that there is no evidence that they were negligent and that they
established various affirmative defenses as a matter of law. (6) The district court entered summary
judgment in appellees' favor on both Morales's and Secaida's causes of action. (7) Morales and
Secaida filed separate appellate briefs; however, their briefs are similar and their interests do not
diverge. By five issues, they appeal the district court's summary judgment:


 Whether [appellants] raised more than a scintilla of summary judgment evidence
to defeat [a] no evidence summary judgment on the issues of negligence and
proximate cause.

 Whether [appellants] raised a genuine issue of material fact to defeat [an]
ordinary summary judgment on issues of negligence and proximate cause.

 Whether Craig, Wheaton, and Williams proved they were entitled to judgment
as a matter of law on the affirmative defenses of sudden emergency and sole
proximate cause.

 Whether [appellants] raised a genuine issue of material fact to defeat [an]
ordinary summary judgment on the affirmative defenses of sudden emergency
and sole proximate cause; and

 Whether sole proximate cause is available as a ground for summary judgment
in this case.




DISCUSSION

Standard of Review

 Because the propriety of summary judgment in this case is a question of law, we
review the trial court's decision de novo. See Natividad v. Alexsis, Inc., 875 S.W.2d 695, 699 (Tex.
1994). The function of summary judgment is not to deprive litigants of the right to trial by jury but
to eliminate patently unmeritorious claims and defenses. Swilley v. Hughes, 488 S.W.2d 64, 68
(Tex. 1972).

 To prevail on a traditional motion for summary judgment, a party must conclusively
establish that there is no genuine question of material fact and show that it is entitled to judgment
as a matter of law. Tex. R. Civ. P. 166a(c). The movant must either negate at least one essential
element of the nonmovant's cause of action or prove all essential elements of an affirmative defense. 
Randall's Food Mkts., Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995). Once the movant has
established a right to summary judgment, the nonmovant has the burden to respond to the motion
for summary judgment and present to the trial court any issues that would preclude summary
judgment. City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979). Because
the burden of proof is on the movant, we must view the evidence and its reasonable inferences in the
light most favorable to the nonmovant and resolve all doubts about the existence of a material fact
against the movant. Nixon, 690 S.W.2d at 548-49. 

 After an adequate time for discovery, a party may also move for summary judgment
on the ground that there is no evidence of one or more essential elements of a claim or defense on
which an adverse party would have the burden of proof at trial. See Tex. R. Civ. P. 166a(i). Unlike
a traditional motion for summary judgment, the movant in a no-evidence motion for summary
judgment does not bear the burden of establishing each element of its own claim or defense. Grant
v. Southwestern Elec. Power Co., 20 S.W.3d 764, 772 (Tex. App.--Texarkana 2000, pet. granted). 
Instead, the nonmovant has the burden of presenting evidence raising a genuine fact issue on the
challenged elements. Id. We view the proof in the light most favorable to the nonmovant,
disregarding all contrary proof and inferences. Moore v. K Mart Corp., 981 S.W.2d 266, 269 (Tex.
App.--San Antonio 1998, pet. denied). If the nonmovant presents more than a scintilla of probative
evidence so as to raise a genuine issue of material fact, it is improper to grant a no-evidence motion
for summary judgment. Jackson v. Fiesta Mart, Inc., 979 S.W.2d 68, 70-71 (Tex. App.--Austin
1998, no pet.); see also Moore, 981 S.W.2d at 269. More than a scintilla of evidence exists when
the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their
conclusions." Merrell Dow Pharms. Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997).

 When, as here, the trial court's order granting summary judgment does not specify
the ground or grounds the court relied on for the ruling, we affirm the summary judgment if any
theories presented in the motion are meritorious. State Farm Fire & Cas. Co. v. S.S., 858 S.W.2d
374, 380 (Tex. 1993); Rogers v. Ricane Enters., Inc., 772 S.W.2d 76, 79 (Tex. 1989).


The Wheaton-Williams Summary Judgment

 Wheaton and Williams jointly filed both a traditional and a no-evidence motion for
summary judgment. They moved for summary judgment on three separate grounds: (1) there is no
evidence of negligence on the part of Wheaton or Williams, (2) Williams had no duty to keep any
lookout to the rear, and (3) the summary-judgment evidence establishes as a matter of law that
Edward Secaida's negligence was the sole proximate cause of the accident. Wheaton and Williams
presented each ground as an independent reason for the district court to grant them summary
judgment. Appellants respond by arguing that they produced more than a scintilla of evidence
relating to negligence and proximate cause, Wheaton and Williams did not conclusively negate the
elements of negligence and proximate cause, and Wheaton and Williams did not conclusively
establish its affirmative defense of sole proximate cause. Appellants failed to challenge the no-duty
ground for summary judgment. It is not disputed that the summary judgment is intended to be, and
is, a final judgment, disposing of all issues and parties before the district court. Wheaton and
Williams urge this Court to affirm the district-court judgment because appellants failed to challenge
all possible grounds on which the summary judgment could have been granted. We will do so.

 In six sub-issues, styled "points of error," appellants detail their complaints
concerning the Wheaton-Williams summary judgment. However, nowhere in their issues or points
do they generally challenge the summary judgment. Instead, they assign specific error to several of
the grounds for summary judgment urged by Wheaton and Williams. (8) When an appellant chooses
this practice, the appellant must assign error to each possible ground of which the trial court could
have granted the summary judgment. See Malooly Bros., Inc. v. Napier, 461 S.W.2d 119, 121 (Tex.
1970). If the record discloses that summary judgment may have been based on a ground not
specifically challenged by the appellant, the summary judgment will stand in the absence of a general
assignment of error. Id.

 Appellants have failed to assign error to the no-duty ground. "Negligence, a common
law doctrine, consists of three essential elements--a legal duty owed by one person to another, a
breach of that duty, and damages proximately resulting from the breach." El Chico Corp. v. Poole,
732 S.W.2d 306, 311 (Tex. 1987) (citing Rosas v. Buddies Food Store, 518 S.W.2d 534, 536 (Tex.
1975); Bell Helicopter Co. v. Bradshaw, 594 S.W.2d 519, 531 (Tex. Civ. App.--Corpus Christi
1980, writ ref'd n.r.e.)). To establish liability in tort, a plaintiff must prove the violation of a duty
owed to him by the defendant. Id. (citing Abalos v. Oil Dev. Co., 544 S.W.2d 627, 631 (Tex. 1976)). 
In their motion for summary judgment, Wheaton and Williams asserted that "Williams had no duty,
as a matter of law, to keep any lookout in his rear-view mirror." They also claimed entitlement to
summary judgment because "there is no evidence of any alleged negligence of Wheaton or
Williams" and because "[Edward] Secaida's negligence was the sole proximate cause of [Victor]
Morales'[s] death."

 The district court did not state the basis on which he granted summary judgment for
Wheaton and Williams. "The judgment must stand, since it may have been based on a ground not
specifically challenged by [appellants] and since there was no general assignment that the trial court
erred in granting summary judgment." Malooly Bros., 461 S.W.2d at 121. Because the summary
judgment may have been granted, properly or improperly, on a ground not challenged by appellants,
we must affirm it. See Warner v. Orange County, 984 S.W.2d 357, 358 (Tex. App.--Beaumont
1999, no pet.); Holloway v. Starnes, 840 S.W.2d 14, 23 (Tex. App.--Dallas 1992, writ denied); King
v. Texas Employers' Ins. Ass'n, 716 S.W.2d 181, 182 (Tex. App.--Fort Worth 1986, no writ).

 At oral argument and in a post-submission letter, Morales argues that the no-duty
ground for summary judgment "could not be the basis for summary judgment as to alleged
negligence based on facts other than Williams['s] failure to keep a proper lookout, such as failure
to apply brakes, failure to drive at a prudent speed, etc." and that she alleged other breaches of duty
in her third amended petition in the district court. Thus, according to Morales, this Court cannot
affirm the entire summary judgment on the no-duty ground because this ground is "not legally
sufficient" to sustain the judgment. However, the supreme court has recently held, in a summary-judgment context, that "[a]n express adjudication of all parties and claims in a case is not
interlocutory merely because the record does not afford a legal basis for the adjudication. In those
circumstances, the order must be appealed and reversed." Lehmann v. Har-Con Corp., 44 Tex. Sup.
Ct. J. 364, 376 (Feb. 1, 2001). Appellants failed to challenge a ground upon which summary
judgment may have been granted and thereby waived any error. Because summary judgment may
have been granted, properly or improperly, on a ground not challenged by appellants in an issue on
appeal, we overrule appellants' issues insofar as they apply to the summary judgment in favor of
Wheaton and Williams. See Bailey v. Rogers, 631 S.W.2d 784, 786 (Tex. App.--Austin 1982, no
writ); see also Warner, 984 S.W.2d at 358; Holloway, 840 S.W.2d at 23 (citing Malooly Bros., 461
S.W.2d at 121).


The Craig Summary Judgment

 Craig filed a motion for summary judgment that combined traditional and no-
evidence grounds and alleged:


1. After an adequate time for discovery, [appellants have] no evidence of [Craig's]
negligence;


2. The incident made the basis of this lawsuit is what is defined in Texas law as an
"emergency," for which [Craig] cannot be held to have acted unreasonably under
the undisputed facts;


3. [Craig] committed no act of negligence as that term is defined in Texas law;


4. [Craig] committed no act or omission that was a proximate cause of the accident
made the basis of this lawsuit.



On appeal, appellants respond that (1) they presented more than a scintilla of evidence relating to
negligence and proximate cause, (2) Craig did not conclusively negate the elements of negligence
and proximate cause, (3) Craig failed to meet his burden in proving his affirmative defense of sudden
emergency, and (4) Craig failed to meet his burden in proving his affirmative defense of sole
proximate cause.


 A. No-Evidence Motion

 A no-evidence motion for summary judgment is improperly granted if the nonmovant
has presented more than a scintilla of evidence that raises a genuine issue of material fact. Jackson,
979 S.W.2d at 70-71. Appellants presented some evidence that Craig drove left of the center of the
highway and that the collision with Secaida's vehicle occurred left of center. Two Texas Department
of Public Safety officers placed the collision in the southbound lane of Highway 195, which was left
of center for Craig. Appellants also presented evidence that Craig's failure to continue right, toward
the shoulder of the roadway, was both negligent and a proximate cause of the accident. One of the
Department of Public Safety officers, as well as Craig himself, testified that there was nothing
inherently dangerous about the shoulder or surrounding terrain that would have prevented Craig from
driving off of the road in order to avoid a collision. In viewing this evidence in the light most
favorable to the nonmovant, we hold that it raises a genuine issue of material fact on which
reasonable, fair-minded persons might differ in their conclusions. See Havner, 953 S.W.2d at 711. 
It is, therefore, more than a mere scintilla of evidence, and summary judgment was improper. We
sustain appellants' issues insofar as they relate to the no-evidence portion of Craig's motion for
summary judgment.


 B. Traditional Motion--Negating Elements of Morales's Cause of Action

 Appellants also argue that the trial court erred in granting Craig's traditional summary
judgment on the elements of negligence and proximate cause because appellants raised an issue of
material fact as to both elements, which Craig failed to negate as a matter of law. For Craig to
prevail on this ground, he must conclusively disprove at least one element of appellants' cause of
action. Because the elements of negligence and proximate cause are inherently factual, they are not
ordinarily disposed of by summary judgment. See Snellenberger v. Rodriguez, 760 S.W.2d 237, 239
(Tex. 1988); Rodriguez v. Moerbe, 963 S.W.2d 808, 814 (Tex. App.--San Antonio 1998, pet.
denied); Hennessy v. Estate of Perez, 725 S.W.2d 507, 509 (Tex. App.--Houston [1st Dist.] 1987,
no writ); see, e.g., Moeller v. Fort Worth Capital Corp., 610 S.W.2d 857, 862 (Tex. Aiv. App.--Fort
Worth 1980, writ ref'd n.r.e.) (stating general rule that summary judgment is not appropriate for
cases involving contributory negligence); Taylor v. Southwestern Bell Tel. Co., 483 S.W.2d 330, 332
(Tex. Civ. App.--El Paso 1972, no writ) (noting obstacles to availability of summary judgment
procedure where proximate cause is the issue). We will adhere to the general rule.

 Negligence is "the failure to do that which a person of ordinary prudence would have
done under the same or similar circumstances." Great Atl. & Pac. Tea Co. v. Evans, 175 S.W.2d
249, 250-51 (Tex. 1943). Appellants claim that Craig failed to use reasonable care because he drove
left of center when he should have continued driving to his right. Again, it is appellants' summary-judgment evidence that we must take as true. Nixon, 690 S.W.2d at 548-49. We believe that
appellants have raised an issue of material fact from which more than one reasonable inference could
be drawn. Therefore, Craig failed to negate the element of negligence as a matter of law. We sustain
appellants' issues relating to Craig's failure to negate the elements of their cause of action.

 Proximate cause consists of both cause in fact and foreseeability. Union Pump Co.
v. Allbritton, 898 S.W.2d 773, 775 (Tex. 1995). Although Craig presented evidence to negate
proximate cause, appellants presented controverting evidence, which we take as true. See Nixon, 690
S.W.2d at 548-49. Appellants claim that because the collision occurred left of center for Craig, he
was a cause in fact of the accident. Appellants also claim that a reasonable person would have
foreseen that driving left of center could contribute to an accident. Taking appellants' evidence as
true leads us to the conclusion that there is an issue of material fact. Additionally, the question of
proximate cause is one of fact and is particularly within the province of the jury. Yap v. ANR Freight
Sys., Inc., 789 S.W.2d 424, 425 (Tex. App.--Houston [1st Dist.] 1990, no writ). We hold that Craig
failed to negate the element of proximate cause as a matter of law and sustain appellants' issues in
that regard.


 C. Traditional Motion--Establishing Affirmative Defenses

 Because we have held that appellants have produced more than a scintilla of evidence
and that Craig has not conclusively negated any elements of the negligence claim, Craig may only
prevail on his motion for summary judgment if he establishes an affirmative defense. Craig has
asserted two affirmative defenses: sudden emergency and sole proximate cause.

 Appellants argue that Craig did not establish the elements of sudden emergency. 
Specifically, appellants contend that Craig's actions after the emergency arose were not those of an
ordinary prudent person. Craig cites Moughon v. Wolf, 576 S.W.2d 603 (Tex. 1978), for the
proposition that a sudden emergency is a legally acceptable excuse for driving on the left side of the
road. In Moughon, the supreme court held that the defendant failed to produce evidence of an
excuse. Id. at 606. Craig attempts to distinguish this case by showing that he has produced a great
deal of evidence to establish his affirmative defense of sudden emergency. Although the undisputed
facts may show that an emergency did indeed arise, the critical question is whether Craig acted
reasonably once the emergency arose. See Del Bosque v. Heitmann Berring-Cortes Co., 474 S.W.2d
450, 452-53 (Tex. 1971). Because reasonable minds could differ as to the reasonableness of Craig's
actions, he failed to conclusively establish his affirmative defense of sudden emergency and
summary judgment should not be granted on that basis. We sustain appellants' issues insofar as they
relate to the affirmative defense of sudden emergency.

 Finally, Craig has asserted as an "affirmative defense" that the alleged negligence of
a third party, Edward Secaida, was the sole proximate cause of the accident. Appellants argue that
the district court erred in granting summary judgment to Craig on the affirmative defense of
proximate cause because (1) Craig failed to establish that Edward's conduct was the sole proximate
cause as a matter of law, (2) they raised a genuine issue of material fact, and (3) Edward Secaida was
a party to the suit. Sole proximate cause does not fit within the mold of an affirmative defense. 
Indeed, courts view it as "an inferential rebuttal issue which, when invoked by the defendant,
purports to negate an element of the plaintiff's cause of action." Walzier v. Newton, 27 S.W.3d 561,
563-64 (Tex. App.--Amarillo 2000, no pet.); accord Reid v. Best Waste Sys., Inc., 800 S.W.2d 644,
646 (Tex. App.--Houston [14th Dist.] 1990, writ denied). In other words, sole proximate cause does
not operate as an independent basis for, in this case, affirming summary judgment. It only serves
to negate an element of the prima facie case. See Walzier, 27 S.W.3d at 564. We have held that
Craig failed to disprove as a matter of law that he was a proximate cause of the accident; therefore,
he cannot prevail by claiming that Edward Secaida was the sole proximate cause. We sustain
appellants' issues insofar as they relate to whether Craig established sole proximate cause.


CONCLUSION We affirm the district court's summary judgment as to Wheaton and Williams. The
summary judgment in favor of Craig is reversed and this cause is remanded to the district court for
further proceedings. 



 

 Lee Yeakel, Justice

Before Justices Yeakel, Patterson and Jones; Justice Jones Not Participating

Affirmed in Part; Reversed and Remanded in Part

Filed: June 7, 2001

Do Not Publish

1. Williams is referred to from time to time in the district-court pleadings as "Johnny"
Williams. We use the spelling found in Williams's original answer and motion for summary
judgment in the district court and brief in this Court.
2. Williams's vehicle was referred to variously in the record as a "truck/tractor-trailer,"
"semi," "eighteen-wheeler," and "large tractor/trailer rig."
3. In his deposition, Craig stated that in the first maneuver, at least his front two tires went
into the northbound shoulder and in the second maneuver, his car did not cross the yellow line
into the southbound lane. However, two Texas Department of Public Safety investigators placed
the point of impact of the Secaida and Craig vehicles in the southbound lane.
4. Morales describes the capacity in which she sues as follows:


[] Plaintiff JANIE MORALES brings this suit both in her individual capacities as a
surviving parent of VICTOR MANUEL MORALES, JR., deceased, and as an heir
at law of VICTOR MANUEL MORALES, JR., deceased. Plaintiff also brings this
suit in her representative capacity as a statutory beneficiary on behalf of all other
statutory beneficiaries . . . and on behalf of VICTOR MORALES, an heir at law of
VICTOR MANUEL MORALES, JR., deceased.


[] VICTOR MORALES is an heir at law of VICTOR MANUEL MORALES,
deceased, a surviving parent of VICTOR MANUEL MORALES, JR., deceased, and
is a statutory beneficiary on whose behalf Plaintiff JANIE MORALES sues.


[] There are no other surviving parents, children, or spouses of VICTOR MANUEL
MORALES, JR., deceased.
5. Secaida's claims are also referred to as "counterclaims" in the pleadings and briefs.
6. Terrie Secaida's brief contains the following statement:


There were in fact no motions for summary judgment, no supporting affidavits, nor
any answers to summary judgment regarding Terrie [Secaida]'s counterclaims. 
Several weeks after the ruling regarding Janie [Morales]'s claims, Terrie and
defendants agreed that the trial court's ruling regarding Janie's claims would most
probably be applied to Terrie's claims, as "the law of the case." The parties agreed,
and the court ordered, that summary judgments against Terrie's claims could be
entered while preserving the right of Terrie to appeal.
7. The district court signed four separate summary judgments: (1) Morales take nothing
against Craig; (2) Secaida take nothing against Wheaton and Williams; (3) Secaida take nothing
against Craig; and (4) Morales take nothing against Wheaton and Williams. None of the
judgments specifically address the third-party claims of Craig, Wheaton, and Williams against
Secaida, but all contain a "Mother Hubbard" clause. See Mafrige v. Ross, 866 S.W.2d 590, 590
n.1 (Tex. 1994) ("A Mother Hubbard clause generally recites that all relief not expressly granted
is denied."). A review of the district-court record reveals that the parties and the court intended
the four judgments to constitute a final, appealable judgment, and no party has questioned either
the finality of the district court's action or this Court's jurisdiction. See Lehmann v. Har-Con
Corp., 44 Tex. Sup. Ct. J. 364, 375-76 (Feb. 1, 2001).
8. As germane to Wheaton and Williams, appellants' "points of error" are as follows:


[ 9.] The trial court erred in granting Wheaton/Williams an ordinary summary
judgment on the affirmative defense of sole proximate cause because Edward Secaida
was a party to the suit.


[10.] The trial court erred in granting Wheaton/Williams a no-evidence summary
judgment on the elements of negligence and proximate cause because [appellants]
produced more than a scintilla of evidence on each of the elements.


[11.] The trial court erred in granting an ordinary summary judgment to
Wheaton/Williams based on the elements of negligence and proximate cause because
Wheaton/Williams did not conclusively negate those elements as a matter of law.


[12.] The trial court erred in granting an ordinary summary judgment to
Wheaton/Williams on the elements of negligence and proximate cause because
[appellants] raised a genuine issue of a material fact on both of those elements.


[13.] The trial court erred in granting an ordinary summary judgment to
Wheaton/Williams on the affirmative defense of sole proximate cause because
Wheaton/Williams failed to establish every element of the affirmative defense as a
matter of law.


[14.] The trial court erred in granting [an] ordinary summary judgment to
Wheaton/Williams on the affirmative defense of sole proximate cause because
[appellants] raised a genuine issue of material fact on whether the negligence of a
party to the suit was a proximate cause of the collisions.


N_4_">4. Morales describes the capacity in which she sues as follows:


[] Plaintiff JANIE MORALES brings this suit both in her individual capacities as a
surviving parent of VICTOR MANUEL MORALES, JR., deceased, and as an heir
at law of VICTOR MANUEL MORALES, JR., deceased. Plaintiff also brings this
suit in her representative capacity as a statutory beneficiary on behalf of all other
statutory beneficiaries . . . and on behalf of VICTOR MORALES, an heir at law of
VICTOR MANUEL MORALES, JR., deceased.


[] VICTOR MORALES is an heir at law of VICTOR MANUEL MORALES,
deceased, a surviving parent of VICTOR MANUEL MORALES, JR., deceased, and
is a statutory beneficiary on whose behalf Plaintiff JANIE MORALES sues.


[] There are no other surviving parents, children, or spouses of VICTOR MANUEL
MORALES, JR., deceased.
5. Secaida's claims are also referred to as "counterclaims" in the pleadings and briefs.
6. Terrie Secaida's brief contains the following statement:


There were in fact no motions for summary judgment, no supporting affidavits, nor
any answers to summary judgment regarding Terrie [Secaida]'s counterclaims. 
Several weeks after the ruling regarding Janie [Morales]'s claims, Terrie and
defendants agreed that the trial court's ruling regarding Janie's claims would most
probably be applied to Terrie's claims, as "the law of the case." The parties agreed,
and the court ordered, that summary judgments against Terrie's claims could be
entered while preserving the right of Terrie to appeal.
7. The district court signed four separate summary judgments: (1) Morales take nothing
against Craig; (2) Secaida take nothing against Wheaton and Williams; (3) Secaida take nothing
against Craig; and (4) Morales take nothing against Wheaton and Williams. None of the
judgments specifically address the third-party claims of Craig, Wheaton, and Williams against
Secaida, but all contain a "Mother Hubbard" clause. See Mafrige v. Ross, 866 S.W.2d 590, 590
n.1 (Tex. 1994) ("A Mother Hubbard clause generally recites that all relief not expressly granted
is denied."). A review of the district-court record reveals that the parties and the court intended
the four judgments to constitute a final, appealable judgment, and no party has questioned either
the finality of the district court's action or this Court's jurisdiction. See Lehmann v. Har-Con
Corp., 44 Tex. Sup. Ct. J. 364, 375-76 (Feb. 1, 2001).
8. As germane to Wheaton and Williams, appellants' "points of error" are as follows:


[ 9.] The trial court erred in granting Wheaton/Williams an ordinary summary
judgment on the affirmative defense of sole proximate cause because Edward Secaida
was a party to the suit.


[10.] The trial court erred in granting Wheaton/Williams a no-evidence summary
judgment on the elements of negligence and proximate cause because [appellants]
produced more than a scintilla of evidence on each of the elements.


[11.] The trial court erred in granting an ordinary summary judgment to
Wheaton/Williams based on the elements of negligence and proximate cause because
Wheaton/Williams did not conclusively negate those elements as a matter of law.


[12.] The trial court erred in granting an ordinary summary judgment to
Wheaton/Williams on the elements of negligence and proximate cause because
[appellants] raised a genuine issue of a material fact on both of those elements.


[13.] The trial court erred in granting an ordinary summary judgment to
Wheaton/Williams on the affirmative defense of sole proximate cause because
Wheaton/Williams failed to establish every element of the affirmative defense as a
matter of law.


[14.] The trial court erred in granting [an] ordinary summary judgment to
Wheaton/Williams on the affirmative defense of sole proximate cause because
[appellants] raised a genuine issue of material fact on whether the negligence of a
party to the suit was a proximate cause of the collisions.


N_4_">4. Morales describes the capacity in which she sues as follows:


[] Plaintiff JANIE MORALES brings this suit both in her individual capacities as a
surviving parent of VICTOR MANUEL MORALES, JR., deceased, and as an heir
at law of VICTOR MANUEL MORALES, JR., deceased. Plaintiff also brings this
suit in her representative capacity as a statutory beneficiary on behalf of all other
statutory beneficiaries . . . and on behalf of VICTOR MORALES, an heir at law of
VICTOR MANUEL MORALES, JR., deceased.


[] VICTOR MORALES is an heir at law of VICTOR MANUEL MORALES,
deceased, a surviving parent of VICTOR MANUEL MORALES, JR., deceased, and
is a statutory beneficiary on whose behalf Plaintiff JANIE MORALES sues.


[] There are no other surviving parents, children, or spouses of VICTOR MANUEL
MORALES, JR., deceased.
5. Secaida's claims are also referred to as "counterclaims" in the pleadings and briefs.
6. Terrie Secaida's brief contains the following statement:


There were in fact no motions for summary judgment, no supporting affidavits, nor
any answers to summary judgment regarding Terrie [Secaida]'s counterclaims. 
Several weeks after the ruling regarding Janie [Morales]'s claims, Terrie and
defendants agreed that the trial court's ruling regarding Janie's claims would most
probably be applied to Terrie's claims, as "the law of the case." The parties agreed,
and the court ordered, that summary judgments against Terrie's claims could be
entered while preserving the right of Terrie to appeal.
7. The district court signed four separate summary judgments: (1) Morales take nothing
against Craig; (2) Secaida take nothing against Wheaton and Williams; (3) Secaida take nothing
against Craig; and (4) Morales take nothing against Wheaton and Williams. None of the
judgments specifically address the third-party claims of Craig, Wheaton, and Williams against
Secaida, but all contain a "Mother Hubbard" clause. See Mafrige v. Ross, 866 S.W.2d 590, 590
n.1 (Tex. 1994) ("A Mother Hubbard clause generally recites that all relief not expressly granted
is denied."). A review of the district-court record reveals that the parties and the court intended
the four judgments to constitute a final, appealable judgment, and no party has questioned either
the finality of the district court's action or this Court's jurisdiction. See Lehmann v. Har-Con
Corp., 44 Tex. Sup. Ct. J. 364, 375-76 (Feb. 1, 2001).
8. As germane to Wheaton and Williams, appellants' "points of error" are as follows:


[ 9.] The trial court erred in granting Wheaton/Williams an ordinary summary
judgment on the affirmative defense of sole proximate cause because Edward Secaida
was a party to the suit.


[10.] The trial court erred in granting Wheaton/Williams a no-evidence summary
judgment on the elements of negligence and proximate cause because [appellants]
produced more than a scintilla of evidence on each of the elements.


[11.] The trial court erred in granting an ordinary summary judgment to
Wheaton/Williams based on the elements of negligence and proximate cause because
Wheaton/Williams did not conclusively negate those elements as a matter of law.


[12.] The trial court erred in granting an ordinary summary judgment to
Wheaton