LEANNE JOHNSON, J.,
concurring and dissenting.
I concur in the majority’s opinion pertaining to civil conspiracy and aiding and abetting. However, I respectfully dissent with respect to the breach of fiduciary duty and joint venture claims.
In my opinion, when considering the summary judgment evidence in a light most favorable to the nonmovant, the summary judgment evidence in the record before us establishes more than a scintilla of evidence on genuine issues of material fact that would preclude granting a no-evidence *61 summary judgment, and it creates a genuine issue of a material fact that would preclude the granting of a traditional motion for summary judgment on the Church’s breach of fiduciary duty and joint venture liability claims.
More specifically, Parker’s admissions as contained in his sworn statement, the statements he made in his letter of October 5, 2011, along with other exhibits referenced in Lamb’s PSI report and Lamb’s response to the PSI report, raise genuine issues of material fact as to whether Parker benefited from the misappropriation of the Church’s money, whether Parker knowingly used or benefited from the use of such funds, whether the Church suffered damages as a result of Parker’s wrongful conduct by losing an ability to recover some portion of its funds or by losing a preferential construction loan, and whether Parker was engaged in a “joint venture” with Lamb.
Appellee Parker stated in his Answer that “[t]he sole producing/proximate cause of the Church’s damages was Lamb spending said money in 2008 and 2009[.]” In his sworn statement, Parker described his relationship with Lamb as “joint venturers together.” Parker later stated in his affidavit that he filed in support of his motion for summary judgment that he was only acting as a “contract lawyer.” When conflicting inferences can be drawn from a party’s summary judgment affidavit and earlier sworn testimony on a material issue, a fact issue is created that may defeat summary judgment. Randall v. Dallas Power & Light Co., 752 S.W.2d 4, 5 (Tex. 1988). Under a joint enterprise theory of liability, parties to a joint enterprise are agents of one another and liable for each other’s negligent acts. See Tex. Dep’t of Transp. v. Able, 35 S.W.3d 608, 613 (Tex. 2000). If Parker was in a joint venture with Lamb, Parker would be liable for damages caused by Lamb’s theft of funds, even absent evidence of damages caused specifically by Parker’s actions alone. At a minimum, when considering the summary judgment evidence in a light most favorable to the nonmovant, the evidence raises a genuine issue of material fact concerning the scope of Parker’s and Lamb’s relationship and whether Parker was in a joint venture with Lamb,
Furthermore, evidence of damages is not required for a party who has been wronged by its attorney’s breach of fiduciary duty with respect to a request for equitable relief such as disgorgement or forfeiture, provided the party sought such remedy in its pleadings. See Burrow v. Arce, 997 S.W.2d 229, 240 (Tex. 1999). As part of its requested relief, the Church sought not only a “return of ... misappropriated funds” but also disgorgement of fees in its Original and Amended Petitions. Consequently; the Church’s cause of action for equitable relief need not fail for lack of evidence of damages directly or proximately caused by Parker’s breach.[1]
In his October 2001 letter to the Church, Parker admitted that he lied to the Church and he offered the possibility that the Lamb Law Firm could repay the Church from an expected profit in “[o]ur Ghana project[.]” Parker admitted in his sworn statement and his affidavit in support of his motion for summary judgment that Lamb encouraged him to close the “Ghana deal” because they had to pay back the Church. The Church’s response to Parker’s motion for sümmary judgment raises a fact question regarding whether Parker *62 profited from the misappropriation of the Church’s funds, or from his decision to assist Lamb in the cover-up, and whether Parker proximately caused damages to the Church. See generally Yap v. ANR Freight Sys., Inc., 789 S.W.2d 424, 425 (Tex. App.—Houston [1st Dist.] 1990, no writ) (“The question of proximate cause is one of fact particularly within the province of the jury[.]”); Taylor v. Sw. Bell Tel., 483 S.W.2d 330, 332 (Tex.App.—El Paso 1972, no writ) (discussing the “abundance of obstacles” to granting summary judgment where proximate cause is an issue). Therefore, I would reverse the summary judgment as to the breach of fiduciary duty claim and joint enterprise liability.

. In Parker's Second Amended Answer, Parker does not plead the affirmative defense of unclean hands or estoppel against the Church, which may, in certain circumstances, be a defense to equitable relief.